■ Briar Contracting Corporation, Plaintiff and Third-Party Plaintiff-Appellant, v City of New York, Defendant. Ammann & Whitney, Third-Party Defendant-Respondent.—In an action, inter alia, to recover damages for breach of contract, the plaintiff third-party plaintiff Briar Contracting Corporation appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated August 17, 1988, which granted the motion of the third-party defendant Ammann & Whitney to dismiss the third-party complaint.

Ordered that the order is affirmed, with costs.

This action arises out of a sewer construction and rehabilitation project undertaken by the City of New York. The city through its Department of Environmental Protection (hereinafter the DEP) retained the plaintiff, the Briar Contracting Corporation (hereinafter Briar), as the general contractor on the project. The third-party defendant Ammann & Whitney (hereinafter A & W) was retained by the DEP to provide resident engineering inspection services in connection with the project. In the course of completing the project, Briar allegedly deviated from the contract plans and specifications. The DEP objected to the modifications and demanded compliance. As a result, Briar was caused to incur substantial additional costs.

Thereafter, Briar commenced this action in May 1985 against the city for recovery of economic losses incurred as a result of the city's alleged breach of the prime contract. In or about December 1987 Briar commenced a separate third-party action against A & W seeking contribution or indemnification for whatever damages the city might recover against it on the city's counterclaim for breach of contract. The theory of the third-party complaint is that A & W negligently approved work which varied from the contract plans and specifications. A & W moved for dismissal of the third-party complaint, asserting that absent contractual privity, no claim for pecuniary loss could be maintained against it, and, further, that the contribution statute (CPLR 1401) had no application to a purely contractual claim for recovery of economic loss. The Supreme Court dismissed the third-party complaint on those grounds. This appeal ensued.

Absent "actual privity of contract between the parties or a relationship so close as to approach that of privity" *(Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424), recovery may not be had for pecuniary loss arising from negligent representations of a professional *(see, e.g., Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra; Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536; *Ultramares Corp. v Touche,* 255 NY 170, 182-183). Moreover, absent a violation of a legal duty independent of the contract, a plaintiff is limited to his contractual remedies *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389). Simply alleging a duty of due care does not transform a breach of contract action into a tort claim *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra,* at 390). On the basis of these principles, we conclude that the Supreme Court properly

dismissed the third-party complaint for failure to state a cause of action. A & W did not enter into any agreement with Briar, nor did it have any other relationship with Briar which could be construed as the functional equivalent of privity. Moreover, the contracts between the city and A & W and between Briar and the city contain specific disclaimers as to A & W's authority to alter the project's plans and specifications or to determine construction means and methods. Thus, Briar had no right to rely on any alleged negligent representations by A & W.

We further hold that Briar's third-party cause of action for contribution is legally untenable. CPLR 1401 does not apply to actions seeking recovery for purely economic loss resulting from the breach of contractual obligations (see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 26). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.