■ REPUBLIC NATIONAL BANK OF NEW YORK, Respondent, v ZIMMCOR U.S.A. CORP., Appellant, and Third-Party Plaintiff-Appellant, and LEHRER/McGOVERN, INC., et al., Respondents. DAVID SHULDINER, INC., et al., Third-Party Defendants-Respondents. L/M FIFTH, INC., Fourth-Party Plaintiff-Respondent, v ZIMMCOR COMPANY, Fourth-Party Defendant-Appellant, and

DAYTON METAL PRODUCTS, INC., Fourth-Party Defendant-Respondent.—Order, Supreme Court, New York County (William J. Davis, J.), entered January 11, 1991, which, upon renewal, adhered to the original order of said court and Justice entered August 14, 1989, *inter alia,* dismissing defendants-appellants Zimmcor U.S.A. Corp. and Zimmcor Company's cross-claims for contribution indemnity against defendants Lehrer/McGovern, Inc. and L/M Fifth, Inc., and fourth-party defendant Dayton Metal Products, Inc., unanimously modified, on the law, so as to reinstate said defendants' claim for indemnity against defendant L/M Fifth, Inc., and otherwise affirmed, without costs. Order of said court and Justice entered May 10, 1991, which denied appellants' cross motion to dismiss the complaint in the interests of justice based on a fraud alleged to have been perpetrated by plaintiff Republic National Bank of New York, unanimously affirmed, without costs.

In the construction of an office building owned by plaintiff Bank, it was defendant Zimmcor's contractual obligation to install the building's glass curtain wall and to protect the glass panels from damage during construction. In this action by plaintiff Bank for damage to the glass panels, we find no collusion, fraud, or wrongdoing in plaintiff's settlement with defendant L/M Fifth and the subsequent withdrawal of the negligence claim. In particular, Zimmcor was not deprived of any statutory or common-law right to contribution, since the only cognizable claims here relate to breach of contract *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382), and thus no right to contribution could be established under these circumstances *(Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21).

However, to the extent that the court dismissed the claim for indemnity against L/M Fifth, the court erred. While plaintiff Bank argues at length that there is no contractual undertaking to support the indemnity claim, nevertheless, defendant Zimmcor has come forth with evidence that an oral contract was made whereby L/M undertook to assume defendant's responsibilities under the contract to preserve the glass curtain wall. Under these circumstances, indemnity would be available to shift the loss from defendant Zimmcor to L/M Fifth. There is no reason to believe that "partial" indemnity would not be available for so much of the damage which arose *after* the undertaking was made by L/M. In this regard, while Zimmcor may not have been entirely " 'free from fault' ", this alone would not preclude a right to indemnity *(Mas v Two Bridges Assocs.,* 75 NY2d 680, 690).

We have considered appellants' remaining arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Kassal and Rubin, JJ.