■ LAWRENCE DEVELOPMENT CORPORATION, Plaintiff, v JOBIN WATERPROOFING, INC., Defendant and Third-Party Plaintiff-Appellant. HRH CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent, et al., Third-Party Defendants.—In an action to recover damages for breach of contract, the defendant third-party plaintiff Jobin Waterproofing, Inc., appeals from so much of an order of the Supreme Court, Queens County (Katz, J.), dated June 29, 1990, as granted the cross motion of the third-party defendant HRH Construction Corporation to dismiss the amended third-party complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the early 1980's, Manufacturers Hanover Trust Company (hereinafter MHT) hired Skidmore, Ownings & Merrill (hereinafter SOM), as architects, to design a building to serve as MHT's corporate headquarters in Manhattan. MHT also retained the services of HRH Construction Corporation (hereinafter HRH), as general contractor, to erect the building.

Thereafter, HRH hired Lawrence Development Corporation (hereinafter Lawrence) to furnish and install a granite plaza surrounding the new building. Lawrence entered into a subcontract with the appellant Jobin Waterproofing, Inc. (hereinafter Jobin), to furnish and install the sealant in the joints between the granite panels in the plaza. Jobin's work was to be done according to the plans and specifications provided by SOM, the architects hired by MHT. In addition, Jobin agreed to repair and replace sealant compounds during the five-year period after installation, if those compounds failed for any reason.

Before work started, Jobin notified Lawrence that the product specified to be used as a sealant was unsuited for the project. Based on its prior experience, Jobin requested permission to use another product. Lawrence, in turn, relayed that request to HRH, and ultimately to SOM. SOM informed HRH, Lawrence, and Jobin that the specified sealant was to be used. Jobin proceeded with the project, using the specified sealant, and completed the plaza by the spring of 1983.

In November 1985 Jobin received formal notification, through Lawrence and HRH, that SOM had rejected all of Jobin's work because the caulking and sealant used in the plaza were not adhering well. When Jobin refused to remedy the situation, Lawrence repaired the defective work at its own expense, and commenced the instant action against Jobin to recover damages for breach of contract.

Thereafter, Jobin commenced a third-party action against MHT, SOM, HRH, and A.J. McNulty & Co., Inc. (an alter ego of Lawrence). In its amended complaint, Jobin alleged, *inter alia,* that HRH, the general contractor, was negligent in insisting that Jobin use a sealant which was inappropriate for the job. Jobin also asserted claims for contribution and indemnification for whatever damages Lawrence might recover in the main action. HRH's subsequent cross motion to dismiss the amended third-party complaint insofar as it was asserted

against it was granted on the ground that Jobin had not established the existence of a duty owed to it by HRH sounding in negligence or contract. In addition, the court found no basis for the claims for contribution and indemnification. This appeal ensued.

The Supreme Court properly found that Jobin failed to establish any duty owed by HRH to Jobin with respect to the sealant. Absent actual contractual privity or a "relationship so close as to approach that of privity" *(Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424), recovery may not be had under these circumstances for economic loss arising from a party's negligent conduct *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra; Briar Contr. Corp. v City of New York,* 156 AD2d 628).

It is clear that Jobin did not enter into any agreement with HRH. In addition, Jobin did not have any other relationship with HRH with respect to the sealant specifications, which could be construed as the functional equivalent of privity. Jobin's contract with Lawrence provided that Jobin's work was to be done according to the plans and specifications of SOM, the architects hired by MHT. It is clear from the correspondence between the parties that SOM prepared the sealant specifications and that SOM made the final decision on use of the specified sealant after HRH presented Jobin's misgivings to SOM. Therefore, since HRH had no control over, or ability to change, the sealant specifications, HRH owed no duty of care to Jobin to effectuate a change in the sealant specifications. Thus, since the underlying relationship between Jobin and HRH is neither contractual nor the functional equivalent of privity, Jobin cannot sustain a cause of action against HRH to recover damages for pecuniary loss arising from HRH's alleged negligent conduct *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra; Briar Contr. Corp. v City of New York, supra).*

With respect to Jobin's claims for contribution and indemnification, it is well settled that these remedies are not available in actions seeking recovery for purely economic loss resulting from the breach of contractual obligations *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 26; *Briar Contr. Corp. v City of New York, supra).*

We have considered Jobin's remaining contention and find that it is without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.