■ MYRON S. WECKER et al., Respondents, v FRED QUADERER et al., Defendants and Third-Party Plaintiffs-Respondents. LOU-

ISE A. AGNES, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [655 NYS2d 93] —In an action, *inter alia,* to recover damages for breach of contract, the third-party defendant, Louise A. Agnes, appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated October 21, 1994, which denied her motion, *inter alia,* to dismiss the third-party complaint insofar as asserted against her.

Ordered that the order is modified by deleting the provision thereof which denied that branch of the appellant's motion which was to dismiss the third-party complaint insofar as asserted against her, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the third-party action against the remaining third-party defendant is severed.

The complaint in the main action by the plaintiffs-respondents, Myron S. and Wendy Joan St. Wecker, sought damages against the defendants third-party plaintiffs-respondents, Fred Quaderer and Fred Quaderer Home Improvements, Inc. (hereinafter collectively Quaderer), for pecuniary loss resulting from a breach of a home improvement contract. Even though the plaintiff couched the complaint in terms of negligent performance, it is essentially a breach of contract claim in which Quaderer could not seek contribution from the third-party defendant architect *(see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21; *Rockefeller Univ. v Tishman Constr. Corp.,* 232 AD2d 155; *see also, Bocre Leasing Corp. v General Motors Corp.,* 84 NY2d 685; *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 390; *Lawrence Dev. Corp. v Jobin Waterproofing,* 186 AD2d 634; *Briar Contr. Corp. v City of New York,* 156 AD2d 628, 630). Specifically, the underlying complaint sought the benefit of the bargain recovery for the cost of repairs and diminution of value. The mere potential for physical injury or property damage did not suffice to create a duty independent of the contract warranting recovery in tort *(see,* CPLR 1401; *Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra,* at 26; *Rockefeller Univ. v Tishman Constr. Corp., supra; Briar Contr. Corp. v City of New York, supra; Republic Natl. Bank v Zimmcor U.S.A. Corp.,* 181 AD2d 533). Therefore, the third-party action for contribution brought by Quaderer against the architect must be dismissed as legally untenable *(see, Briar Contr. Corp. v City of New York, supra).*

The appellant's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.