■ ALBERT ZILKHA et al., Appellants, v GEROLD BROTHERS HOME REMODELING, INC., et al., Respondents, et al., Defendants. [694 NYS2d 396] —In an action to recover damages for breach of contract and negligence, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), dated May 21, 1998, as granted the respective motions of the defendants Gerold Brothers Home Remodeling, Inc., and Tremco, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents.

The plaintiffs contracted with the defendant Gerold Brothers Home Remodeling, Inc. (hereinafter Gerold Brothers), for the construction of a new home. Gerold Brothers installed all of the windows; dual paned insulated units which were fully assembled prior to arrival at the construction site. The defendant Tremco, Inc. (hereinafter Tremco) was the manufacturer of the thermoplastic strip placed in the interior of the windows which separated the two panes of glass. The plaintiffs alleged that after several years the windows began "leaking * * * causing discoloration, black stains, bumps and cracks on and within the windows" rendering them nonfunctional. The problem was allegedly caused by a material defect in the thermoplastic strip which Tremco manufactured. The plaintiffs claim that Gerold Brothers breached its contractual duty to them by including these particular windows in the construction of their home.

The respondents established a prima facie case of entitlement to judgment as a matter of law. The burden then shifted to the plaintiffs to raise a triable issue of fact as to whether the respondents breached any contractual duty or duty of care they respectively owed to the plaintiffs (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *see also, Zuckerman v City of New York,* 49 NY2d 557). Contrary to the plaintiffs' contention, they failed to present sufficient evidence in admissible form as to whether Gerold Brothers owed an express contractual duty to them for any alleged manufacturing defect in the windows (*see, Fumarelli v Marsam Dev.,* 92 NY2d 298; *Brooke Group v JCH Syndicate 488,* 87 NY2d 530).

Similarly the plaintiffs failed to present sufficient evidence in admissible form that Tremco was contractually liable for the economic loss they allegedly suffered (*see, Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.],* 84 NY2d

685; *Schiavone Constr. Co. v Elgood Mayo Corp.*, 56 NY2d 667, *revg* 81 AD2d 221, *on dissent of Silverman, J.; Briar Contr. Corp. v City of New York*, 156 AD2d 628).

Therefore, the Supreme Court properly granted summary judgment to Gerold Brothers and Tremco (*see, Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Sullivan, H. Miller and Smith, JJ., concur.