■ MAINLINE ELECTRIC CORP., Appellant, v EAST QUOGUE UNION FREE SCHOOL DISTRICT, Respondent. [849 NYS2d 92]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated May 8, 2006, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and denied as untimely its cross motion for leave to serve a late notice of claim pursuant to Education Law § 3813 (2-a).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's motion which was to pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and substituting therefor a provi-

sion denying that branch of the motion and (2) by deleting the provision thereof denying as untimely the plaintiff's cross motion for leave to serve a late notice of claim pursuant to Education Law § 3813 (2-a) and substituting therefor a provision denying the cross motion as unnecessary; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In the fall of 1998 the defendant East Quogue Union Free School District (hereinafter the School District) selected the plaintiff as the prime electrical contractor on a project to renovate the East Quogue Elementary School. Pursuant to a contract dated November 19, 1998, the School District agreed to pay the plaintiff the sum of $667,735 for its work "subject to additions and deductions as provided in the Contract Documents." Article 5 of the contract further provided that final payment, consisting of the entire unpaid balance of the contract sum, would be made by the School District to the plaintiff when the contract was fully performed and a final certificate for payment had been issued by the architect. Article 6 of the contract stated that such final payment shall be made by the School District "not more than 30 days after the issuance of the Architect's final Certificate for Payment . . . or as soon thereafter as is practicable." Although most of the plaintiff's work on the project was completed in December 2000, work on "punch list" items continued through February 2003. The plaintiff's efforts to "close out" the project and receive final payment were the subject of various discussions, meetings, and correspondence between the parties which extended through September 26, 2003, when the plaintiff sent the School District a letter, entitled "final demand," seeking payment of its final requisition (hereinafter the final billing requisition). The School District never responded to the final billing requisition. The plaintiff subsequently commenced this action against the School District on November 18, 2004 and the School District moved, inter alia, to dismiss the complaint as time-barred. The Supreme Court granted that branch of the School District's motion which was to dismiss the complaint as time-barred, concluding that the plaintiff's cause of action alleging a breach of contract accrued in September 2003, when the plaintiff sent its final billing requisition. We disagree.

Education Law § 3813 (2-b) provides that no action may be maintained against a school district more than one year after the cause of action arose. A cause of action to recover damages for breach of contract arises, and the statute of limitations begins to run, from the time of the breach (see *John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]; *Capstone*

*Enters. of Port Chester, Inc. v Valhalla Union Free School Dist.*, 27 AD3d 411 [2006]; *D.J.H. Mech. Assoc., Ltd. v Mahopac Cent. School Dist.*, 21 AD3d 521 [2005]). "A breach of contract can be said to occur when the claimant's bill is expressly rejected, or when the 'party seeking payment should have viewed his claim as having been constructively rejected' " (*Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1*, 207 AD2d 773, 775 [1994], quoting *Helmer-Cronin Constr. v Beacon Community Dev. Agency*, 156 AD2d 543, 544 [1989]; *see James McCullagh Co., Inc. v South Huntington Union Free School Dist.*, 39 AD3d 480 [2007]; *Capstone Enters. of Port Chester, Inc. v Valhalla Union Free School Dist.*, 27 AD3d 411 [2006]).

Here, the School District failed to establish that it either expressly or constructively rejected the plaintiff's final billing requisition at any point prior to the commencement of this action in November 2004 (*see Matter of Piazza Bros., Inc. v Board of Educ. of Mahopac Cent. School Dist.*, 29 AD3d 701 [2006]; *D.J.H. Mech. Assoc., Ltd. v Mahopac Cent. School Dist.*, 21 AD3d 521 [2005]). Contrary to the School District's contention, its failure to respond to letters dated July 28, 2003 and September 2, 2003, cannot be deemed constructive rejection because these letters did not impose a deadline for payment of the plaintiff's final billing requisition (*cf. Alfred Santini & Co. v City of New York*, 266 AD2d 119 [1999]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs.*, 258 AD2d 434 [1999]). Moreover, the School District's failure to respond to the plaintiff's final billing requisition of September 26, 2003, within 30 days cannot be deemed a constructive rejection (*cf. Matter of Hawthorne Cedar Knolls Union Free School Dist. v Carey & Walsh, Inc.*, 36 AD3d 810 [2007]). Contrary to the School District's contention, the contract did not impose an unequivocal 30-day deadline in which final payment was to be made. Moreover, the School District's obligation to make payment was not triggered until the issuance of a final certificate of payment by the project architect, and the School District has offered no evidence that such a certificate was ever issued. In the absence of any evidence that the plaintiff's final billing requisition was ever actually or constructively rejected, the Supreme Court erred in dismissing the plaintiff's complaint as time-barred.

Since the plaintiff's breach of contract cause of action against the School District had not yet accrued when the plaintiff submitted its cross motion for leave to serve a late notice of claim, and a notice of claim is not required until the final billing

requisition is rejected, the plaintiff's cross motion for leave to serve a late notice of claim should have been denied as unnecessary.

Although the School District may raise arguments which provide an alternative basis for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *Schramm v Cold Spring Harbor Lab.*, 17 AD3d 661 [2005]), its remaining contentions are not properly before this Court because they either do not provide an alternative basis for affirmance of the portion of the order appealed from, or are raised for the first time on appeal. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.