In an action to recover damages for breach of contract, the third-party defendant/second third-party plaintiff/third third-party plaintiff, Peter Gisolfi Associates, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated April 21, 2011, as denied those branches of its motion which were for summary judgment dismissing the third-party complaint and the cross claims and counterclaims for contribution and common-law indemnification asserted against it by the third-party defendants JMOA Engineering, PC., and Savin Engineers, PC., and the third third-party defendant, Goldman Copeland Associates, PC., respectively, and granted the cross motion of the defendant/third- *857 party plaintiff, Board of Education Irvington Union Free School District, for summary judgment dismissing its first and second counterclaims in the third-party action.
Ordered that the order is modified, on the law, by (1) deleting the provisions thereof denying those branches of the motion of the third-party defendant/second third-party plaintiff/third third-party plaintiff, Peter Gisolfi Associates, which were for summary judgment dismissing the cross claims for contribution and common-law indemnification insofar as asserted against it by the third-party defendants JMOA Engineering, P.C., and Savin Engineers, P.C., and substituting therefor a provision granting those branches of its motion, (2) by deleting the provision thereof denying those branches of the motion of Peter Gisolfi Associates which were for summary judgment dismissing the counterclaims of the third third-party defendant, Goldman Copeland Associates, PC., and substituting therefor a provision granting those branches of its motion, (3) by deleting the provision thereof granting the cross motion of the defendant third-party plaintiff, Board of Education Irvington Union Free School District, for summary judgment dismissing the first and second counterclaims of Peter Gisolfi Associates, and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to Peter Gisolfi Associates, payable by the defendant/third-party plaintiff, Board of Education Irvington Union Free School District, the third-party defendants JMOA Engineering, PC., and Slavin Engineers, PC., and the third third-party defendant, Goldman Copeland Associates, PC., appearing separately and filing separate briefs.
Capstone Enterprises of Port Chester, Inc. (hereinafter Capstone), was the heating, ventilation, and air conditioning (hereinafter HVAC) contractor on two construction projects for the Board of Education Irvington Union Free School District (hereinafter the District). Peter Gisolfi Associates (hereinafter PGA) was the architect for the projects, while JMOA Engineering, EC. (hereinafter JMOA) was the construction manager, and Savin Engineers, PC. (hereinafter Savin) was JMOA’s successor in interest.
Capstone commenced this action against the District to recover unpaid contract sums. The District commenced a third-party action against JMOA and Savin (hereinafter together the JMOA defendants), as well as PGA, alleging, inter alia, breach of contract and negligence. The third-party complaint alleged that PGA undertook certain contractual responsibilities with regard to Capstone’s work, including the responsibility to en *858 deavor to guard the District against defects and deficiencies in the work and to make sure the work generally conformed to contract documents. The third-party complaint further alleged that PGA breached its contract by failing to satisfy these contractual obligations, and by issuing certifications of payment to Capstone for defective and incomplete work, failing to properly review and approve submissions made by or on behalf of Capstone, and failing to ensure that Capstone’s work was free from defects and completed in a skillful, timely, and workmanlike manner. The District further asserted a cause of action against PGA sounding in architectural malpractice based, in part, on PGA’s alleged failure to provide proper and complete design plans and specifications for the HVAC system.
In its amended answer to the third-party complaint, PGA asserted two counterclaims against the District to recover for unpaid services performed through June 2008. PGA, among other things, also commenced a third third-party action against its subcontractor, Goldman Copeland Associates, EC. (hereinafter Goldman), which, pursuant to its contract with PGA, prepared design plans for the HVAC systems on the projects and was obligated to provide field observations of the mechanical work. Goldman asserted counterclaims against PGA for indemnification and contribution. The JMOA defendants asserted cross-claims against PGA for indemnification and contribution. PGA moved for summary judgment dismissing the third-party complaint insofar as asserted against it by the District, the cross claims asserted against it by the JMOA defendants, and the counterclaims asserted against it by Goldman. The District cross-moved for summary judgment dismissing PGA’s first and second counterclaims in the third-party action. The Supreme Court awarded PGA summary judgment dismissing the contractual indemnification cross claims and counterclaims asserted against it by the JMOA defendants and Goldman, respectively, and otherwise denied PGA’s motion. The Supreme Court granted the District’s cross motion for summary judgment dismissing PGA’s first and second counterclaims in the third-party action, based upon PGA’s failure to serve a notice of claim upon the District pursuant to Education Law § 3813.
The Supreme Court properly denied that branch of PGA’s motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it. PGA’s contract provides that it shall not be responsible for construction means, methods, techniques, sequences, or procedures, or a contractor’s failure to carry out its work in accordance with the contract documents. However, the District alleged breaches of PGA’s *859 own contractual duties. While PGA is not an insurer of Capstone’s work, PGA may be liable to the District if it breached its own duties regarding inspection, payment certifications, and review of submissions (see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 146 AD2d 190 [1989]; Diocese of Rochester v R-Monde Contrs., 148 Misc 2d 926 [1989], affd 166 AD2d 891 [1990]; cf. Jewish Bd. of Guardians v Grumman Allied Indus., 96 AD2d 465 [1983], affd 62 NY2d 684 [1984]). Moreover, PGA failed to address the District’s allegation of a design flaw in the specifications (see Diocese of Rochester v R-Monde Contrs., 148 Misc 2d at 932; Thomas J. McAdam Liq., Inc. v Senior Living Options, Inc., 2008 NY Slip Op 31566[U] [Sup Ct, NY County 2008]). Thus, PGA failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the third-party complaint insofar as asserted against it, and, therefore, that branch of the motion was properly denied (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The Supreme Court erred, however, in denying those branches of PGA’s motion which were for summary judgment dismissing the contribution and common-law indemnification cross claim and counterclaims asserted against it by the JMOA defendants and Goldman, respectively.
The only claims asserted against Goldman in this action were in PGA’s third third-party complaint, which sought common-law indemnification, contribution, damages for breach of contract, and damages for professional malpractice from Goldman. CPLR 1401 does not apply to claims to recover purely economic loss resulting from the breach of contractual obligations (see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 26 [1987]; Briar Contr. Corp. v City of New York, 156 AD2d 628, 630 [1989]). In addition, as between a claimant and an alleged tortfeasor, although the alleged tortfeasor may assert the claimant’s own culpable conduct as an affirmative defense and as a ground for the reduction or offset of the claimant’s recovery (see CPLR 1411, 3018 [b]), in the absence of a direct tort claim against it by another party, the alleged tortfeasor may not properly seek contribution (see CPLR 1401) or common-law indemnification from the claimant, whether by means of a counterclaim or otherwise, since the relief sought by the tortfeasor does not constitute an independent cause of action (see CPLR 3019 [a]; see generally P.J.P. Mech. Corp. v Commerce & Indus. Ins. Co. 65 AD3d 195, 199-200 [2009]; cf. CPLR 1403). Here, no party other than PGA asserted a direct tort claim against Goldman that would give *860 rise to contribution or common-law indemnification claims on behalf of Goldman against PGA. Accordingly, PGA established its prima facie entitlement to judgment as a matter of law dismissing the contribution and common-law indemnification counterclaims asserted against it by Goldman. In opposition thereto, Goldman failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
PGA also established its entitlement to judgment as a matter of law dismissing the cross claim for contribution asserted against it by the JMOA defendants. The District’s claims against the JMOA defendants for which the JMOA defendants seek contribution seek recovery for purely economic loss resulting from the breach of contractual obligations (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 390 [1987]). Contribution is unavailable for such claims (see CPLR 1401; Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d at 26; Galvin Bros., Inc. v Town of Babylon, N.Y., 91 AD3d 715 [2012]; Briar Contr. Corp. v City of New York, 156 AD2d at 630). PGA further established that, to the extent that the JMOA defendants may be found liable to the District, such liability would not be vicarious to that of PGA. Accordingly, PGA also established its prima facie entitlement to judgment as a matter of law dismissing the JMOA defendants’ cross claim against it for common-law indemnification (see Mas v Two Bridges Assoc., 75 NY2d 680, 687 [1990]; Bryde v CVS Pharmacy, 61 AD3d 907 [2009]; Coque v Wildflower Estates Devs., Inc., 31 AD3d 484, 489 [2006]; 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 80-81 [1999]; Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 146 AD2d at 199-200). In opposition thereto, the JMOA defendants failed to raise a triable issue of fact.
The Supreme Court also should have denied the District’s cross motion for summary judgment dismissing PGA’s first and second counterclaims in the third-party action. Education Law § 3813 (1) requires a party to serve a notice of claim upon a school district within three months after the accrual of such claim as a condition precedent to the commencement of an action (see Zurich Am. Ins. Co. v Ramapo Cent. School Dist., 63 AD3d 729, 731 [2009]). Claims arising out of a breach of contract accrue when “payment for the amount claimed was denied” (Education Law § 3813 [1]). A denial of payment is only deemed to occur “upon an explicit refusal to pay” or when a party should have viewed its claim as having been constructively rejected (Oriska Ins. Co. v Board of Educ., Richfield Springs *861 Cent. School Dist., 68 AD3d 1190, 1191 [2009]; see Zurich Am. Ins. Co. v Ramapo Cent. School Dist., 63 AD3d at 731; Mainline Elec. Corp. v East Quogue Union Free School Dist., 46 AD3d 859 [2007]). Where no express or constructive denial of payment has been made, the obligation to serve a notice of claim is not triggered (see Mainline Elec. Corp. v East Quogue Union Free School Dist., 46 AD3d at 862). Here, the District failed to demonstrate that it expressly or constructively denied payment to PGA for its continued work on the projects. Thus, the District did not establish its prima facie entitlement to judgment as a matter of law dismissing PGA’s first and second counterclaims in the third-party action, based upon PGA’s failure to serve a notice of claim in accordance with Education Law § 3813 (1) (see Mainline Elec. Corp. v East Quogue Union Free School Dist., 46 AD3d at 862). Mastro, J.P, Hall, Sgroi and Cohen, JJ., concur.