Vega v Hempstead Union Free Sch. Dist. (2025 NY Slip Op 00696)

Vega v Hempstead Union Free Sch. Dist.

2025 NY Slip Op 00696

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-04289
 (Index No. 602578/22)

[*1]Carlos Vega, appellant, 
v
Hempstead Union Free School District, et al., respondents.

Raiser & Kenniff, P.C., Mineola, NY (Douglas M. Reda of counsel), for appellant.
The Scher Law Firm, LLP, Garden City, NY (Austin Graff of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated March 6, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In February 2022, the plaintiff commenced this action against the defendants, a school district and an associate superintendent thereof, to recover damages for breach of contract and fraud arising from the terms of a settlement agreement that resolved related federal actions involving the plaintiff and the school district (see Vega v Hempstead Union Free School Dist., 801 F3d 72 [2d Cir]; Vega v Hempstead Union Free School Dist., 2017 WL 10379106, 2017 US Dist LEXIS 230282 [ED NY, No. 12-CV-6158 (SJF) (GRB)]). The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff opposed the motion. In an order dated March 6, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Kramer v Meridian Capital Group, LLC, 201 AD3d 909, 911-912 [citation and internal quotation marks omitted]; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 821, 822).
"Education Law § 3813(2-b) provides that no action may be maintained against a school district more than one year after the cause of action arose" (Mainline Elec. Corp. v East Quogue Union Free School Dist., 46 AD3d 859, 860). The statute also applies to an action against, among others, "any officer of a school district" (Education Law § 3813[1]; see id. §§ 2[13]; 3813[2-b]). "As a general principle, the statute of limitations begins to run when a cause of action accrues, that is, when all of the facts necessary to the cause of action have occurred so that the party [*2]would be entitled to obtain relief in court" (Fairlane Fin. Corp. v Scipione, 174 AD3d 577, 577-578 [citation and internal quotation marks omitted]). As relevant here, "[a] cause of action to recover damages for breach of contract arises, and the statute of limitations begins to run, from the time of the breach" (Mainline Elec. Corp. v East Quogue Union Free School Dist., 46 AD3d at 860; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d at 822). This is true "even when no damage occurs until later, and even though the injured party may be ignorant of the existence of the wrong or injury" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 666, citing Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402-403). "A cause of action alleging fraud accrues at the time the plaintiff possesses knowledge of facts from which the fraud could have been discovered with reasonable diligence" (Town of Poughkeepsie v Espie, 41 AD3d 701, 705; see Monteleone v Monteleone, 162 AD3d 761, 762). Moreover, during the COVID-19 pandemic, former Governor Andrew Cuomo issued a series of executive orders that tolled filing deadlines in New York courts between March 20, 2020, and November 3, 2020 (see McLaughlin v Snowlift, Inc., 214 AD3d 720, 721; Brash v Richards, 195 AD3d 582, 582-585). Here, the defendants established that the causes of action alleging breach of contract and fraud were time-barred pursuant to Education Law § 3813(2-b) (see Blaize v New York City Dept. of Educ., 205 AD3d 871, 874; Peckham v Island Park Union Free Sch. Dist., 167 AD3d 641, 641-642). Regardless of whether these causes of action accrued during the parties' settlement discussions in May 2018, or upon the execution of the settlement agreement approximately two months later, or when the New York State Teachers Retirement System (hereinafter NYSTRS) issued its final determination on May 4, 2020, concluding that the plaintiff's leave as set forth in the settlement agreement was not pensionable, the defendants demonstrated that the causes of action were untimely (see Jones v Safi, 58 AD3d 603, 603-604).
In opposition, the plaintiff failed to raise a question of fact. Contrary to the plaintiff's contention, the COVID-19 executive orders did not toll the applicable limitations periods in a manner that rendered the breach of contract and fraud causes of action timely. Even assuming that either cause of action did not accrue until the final determination by NYSTRS in May 2020, the limitations period, when applying the COVID-19 tolling period, expired in November 2021, approximately three months before this action was commenced in February 2022 (see Brash v Richards, 195 AD3d at 582-585; North Salem Cent. School Dist. v Mahopac Cent. School Dist., 1 AD3d 418, 419). Moreover, the plaintiff's assertion that the breach of contract cause of action did not accrue until September 2020, when he was purportedly "forced to retire" and "began to be damaged by the [d]efendants," is without merit (see Houtenbos v Fordune Assn., Inc., 200 AD3d at 666). The fraud cause of action also accrued prior to September 2020, since the plaintiff, by his own admission, was aware of the facts constituting the alleged fraud before September 2020 (see Town of Poughkeepsie v Espie, 41 AD3d at 705).
In light of our determination, we need not reach the issue of whether the Supreme Court properly granted dismissal pursuant to CPLR 3211(a)(1) and (7) (see Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 903-905; Beizer v Hirsch, 116 AD3d 725, 726).
The plaintiff's remaining contention is without merit.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court