■ HELMER-CRONIN CONSTRUCTION, INC., Respondent, v BEACON COMMUNITY DEVELOPMENT AGENCY, Appellant, et al., Defendant.—In an action to recover the balance of moneys due under a contract, the defendant Beacon Community Development Agency appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered May 13, 1988, as after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $42,579.65.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff construction company commenced suit against the defendants for the value of work and materials expended for the construction of a bridge. Construction was completed on September 19, 1979. Although the value and quality of the construction are not in dispute, the appellant development agency contends that the plaintiff's action to recover the balance of payments due under the parties' agreement is untimely.

With reference to the question of the timeliness of an action, it has been held, in circumstances such as these, that a plaintiff's cause of action does not accrue "until it possesses the legal right to be paid and to enforce its right to payment in court" *(see, City of New York v State of New York,* 40 NY2d 659, 668). The facts of each case will determine whether there

came a time when the party seeking payment should have viewed his claim as having been constructively rejected, thus giving rise to the accrual of a cause of action *(see, City of New York v State of New York, supra; Arnell Constr. Corp. v Village of N. Tarrytown,* 100 AD2d 562; *Memphis Constr. v Village of Moravia,* 59 AD2d 646).

The plaintiff herein filed its notice of claim on May 25, 1984. The record reveals that during the year and one half preceding the commencement of this lawsuit, the parties had exchanged correspondence regarding the disposition of the plaintiff's requisition for payment. It was not until February 1984 that the engineers responsible for the approval of requisitions advised the plaintiff that they were no longer authorized to work on the project and that the plaintiff should deal directly with the appellant development agency. When the appellant failed to respond to the plaintiff's final request for payment, this lawsuit was commenced.

The record supports the conclusion that the plaintiff reasonably expected to be paid as soon as its requisition was approved by the appellant's engineers, since there was no dispute as to the amount due under the parties' contract and the appellant did not expressly reject the claim for payment at any time prior thereto. Accordingly, the instant action, which was commenced shortly after the engineers indicated that they could not approve the requisition, was properly declared to be timely. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.