■ HENRY BOECKMANN, JR. & ASSOCIATES, INC., Respondent, v BOARD OF EDUCATION, HEMPSTEAD UNION FREE SCHOOL DISTRICT No. 1, et al., Appellants, et al., Defendants. [616 NYS2d 395] —In an action to recover damages, *inter alia,* for breach of contract, the defendants Board of Education, Hempstead Union Free School District No. 1, Dr. Raymond Gant, Dr. John Branche, Susan Jordan, Robin Brazely, and Mary Burns, appeal, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated July 17, 1992, as denied their motion for summary judgment dismissing the complaint for failure to serve a timely notice of claim pursuant to Education Law § 3813 (1), and granted the branch of the plaintiff's cross motion which was for summary judgment on its first cause of action for damages in the amount of $304,558.79.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the plaintiff's cross motion which was for summary judgment on its first cause of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On September 22, 1988, the parties allegedly entered into an agreement whereby the defendant Board of Education, Hempstead Union Free School District No. 1 (hereinafter the School District) retained the plaintiff to research, complete, and process tax certorari protests for an 11-year period. Pursuant to the parties' contract, the School District agreed to pay the plaintiff 15% of any proceeds it ultimately recovered from the State. The plaintiff alleges that as a result of its services, the School District ultimately received a reimbursement from the State in the sum of $2,030,391.93. One month later, on November 10, 1989, the plaintiff forwarded an invoice to the defendants, requesting payment of $304,558.79 under the contingency fee agreement.

Over the next four months, the plaintiff made several inquiries regarding the status of its payment request and, at the defendants' request, provided additional information concerning the nature of the services performed. However, the School District did not inform the plaintiff of the fact that a resolution to pay its invoice had been rejected at a meeting of the Board of Education on January 18, 1990. Moreover, in early February 1990, the School District's business manager allegedly asked the plaintiff to provide additional documentation explaining the nature and scope of the services provided, and assured the plaintiff that its documentation would be presented to the Board. The plaintiff did not learn that the defendants were refusing its demand for payment until it received a letter from the defendants' attorneys, dated April 23, 1990, which rejected its invoice upon the ground that "the Board of Education * * * never authorized the retention of your firm to do this work".

One week later, on May 1, 1990, the plaintiff served a notice of claim upon the School District pursuant to Education Law § 3813 (1), and commenced this action by summons and complaint dated July 11, 1990, against, *inter alia,* the School District and its members. The defendants thereafter moved for summary judgment, contending that the complaint should be dismissed because the plaintiff had failed to file its notice of claim within three months from the accrual of its claim for payment under the contract. In response, the plaintiff cross moved for leave to file a late notice of claim, and for summary judgment. The Supreme Court concluded that the plaintiff's claim accrued, for purposes of Education Law § 3813 (1), no later than November 10, 1989, when the plaintiff forwarded its invoice to the defendants. Although it determined that the plaintiff's May 1, 1990, notice of claim was thus untimely, the

court granted the plaintiff's cross motion for leave to file a late notice of claim, and awarded the plaintiff summary judgment on its first cause of action.

On appeal, the defendants contend that the Supreme Court erred in granting the plaintiff leave to file a late notice of claim because the plaintiff's application for such relief was not made within the one-year Statute of Limitations set forth in Education Law § 3813 (2-a) and (2-b). We agree. It is well settled that the term "claim accrued" is not necessarily equatable with the term "cause of action accrued" *(see, Pope v Hempstead Union Free School Dist. Bd. of Educ.,* 194 AD2d 654, 655; *Scherman v Board of Educ.,* 44 AD2d 831), and here, while the plaintiff's "claim" under Education Law § 3813 accrued on November 10, 1989, when its damages became ascertainable, its cause of action for breach of contract did not accrue, and the one-year Statute of Limitations did not begin to run, until the time of the breach *(see, Kassner & Co. v City of New York,* 46 NY2d 544, 550; *Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 287; *Bri-Den Constr. Co. v Board of Educ.,* 200 AD2d 605; *Matter of Prote Contr. Co. v Board of Educ.,* 198 AD2d 418). A breach of contract can be said to occur when the claimant's bill is expressly rejected, or when the "party seeking payment should have viewed his claim as having been constructively rejected" *(Helmer-Cronin Constr. v Beacon Community Dev. Agency,* 156 AD2d 543, 544; *Arnell Constr. Corp. v Village of N. Tarrytown,* 100 AD2d 562, 563, *affd* 64 NY2d 916; *City of New York v State of New York,* 40 NY2d 659, 668; *see also, Matter of Prote Contr. Co. v Board of Educ., supra,* at 418). At bar, the plaintiff's cause of action for breach of contract, as distinct from its claim, accrued for purposes of the Statute of Limitations no later than April 23, 1990, when it was advised that the School District had rejected its demand for payment. Accordingly, the plaintiff's October 4, 1991, application for leave to file a late notice of claim was not made within the one year limitation period for commencement of the action, and the court lacked authority to grant the application *(see, Pierson v City of New York,* 56 NY2d 950, 955; *Stoetzel v Wappingers Cent. School Dist.,* 166 AD2d 643, 644; *cf., Bri-Den Constr. Co. v Board of Educ., supra; Matter of Prote Contr. Co. v Board of Educ., supra).*

Although the plaintiff's application for leave to file a late notice of claim was untimely, we nevertheless find that the defendants' motion for summary judgment was properly denied because a triable issue of fact exists as to whether the defendants should be estopped from asserting a defense

founded upon the plaintiff's failure to file a notice of claim within the requisite three-month period. As a general rule, "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who * * * changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised" *(Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668; *see also, Campbell v City of New York,* 203 AD2d 504). The equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act, and "[b]y applying the doctrine of equitable estoppel to notice of claim situations, the courts may insure that [such statutes] do not become 'a trap to catch the unwary or the ignorant' " *(Bender v New York City Health & Hosps. Corp., supra,* at 668). Here, the evidence that the School District failed to inform the plaintiff of the Board's vote to reject its invoice, coupled with the plaintiff's assertion that the School District's business manager requested additional documentation of the claim even after the Board's vote, is sufficient to raise an issue of fact with respect to whether the defendants' acts and omissions induced the plaintiff not to file a notice of claim within three months after its claim accrued, which precludes summary judgment *(see, Smith v Sagistano,* 186 AD2d 180; *William J. Thomann, Inc. v Auburn Enlarged City School Dist.,* 176 AD2d 1235).

Finally, we find that the Supreme Court's award of summary judgment to the plaintiff on its first cause of action was premature, since the record reveals the existence of issues of fact as to whether the individual who entered into the subject contract on behalf of the School District had actual or implied authority to do so, and whether the School District ratified this individual's actions. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.