■ BRONCO BUS CORP., Respondent, v CITY OF YONKERS BOARD OF EDUCATION, Appellant. [672 NYS2d 920] —In an action to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered December 19, 1995, which denied its motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court, entered March 26, 1996, as denied that branch of its motion which was for leave to renew.

Ordered that the order entered December 19, 1995, is reversed, on the law, the motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the appeal from the order entered March 26, 1996, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff Bronco Bus Corp. (hereinafter Bronco) supplied charter bus services to the defendant City of Yonkers Board of Education (hereinafter Yonkers). In 1995 Bronco commenced this suit to recover payment for services rendered from November 25, 1991, through June 2, 1993. Bronco claimed that the invoices which it had submitted for these services, but which remained unpaid, had "fallen through the cracks". Yonkers answered, and moved for summary judgment dismissing the complaint on the ground that the action was barred by Education Law § 3813 because Bronco had failed to file a verified notice of claim within 90 days of the accrual of each claim, and because Bronco had not commenced an action on each claim within one year of the accrual of each claim (*see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539). In response, Bronco alleged, *inter alia*, that the invoices themselves constituted adequate notice of its claims and that Yonkers was estopped from asserting a defense under Education Law § 3813. In the first order appealed from, the Supreme Court denied Yonkers' motion for summary judgment. The court held, *inter alia*, that the invoices constituted proper notices of claim, and

that Yonkers was estopped from interposing a defense pursuant to Education Law § 3813. Further, the court, in effect, granted Bronco leave to file a late verified notice of claim. We disagree.

It is undisputed that Bronco failed to serve a verified notice of claim pursuant to Education Law § 3813 (1) as to any of the disputed invoices prior to the commencement of this action (*see, Parochial Bus Sys. v Board of Educ., supra*). Further, Bronco failed to raise a triable issue of fact that the alleged filing of the disputed invoices with Yonkers constituted substantial compliance with the notice of claim requirements (*see, Parochial Bus Sys. v Board of Educ., supra; Matter of Cardia-Zalaman v Board of Educ.*, 233 AD2d 391; *Hygrade Insulators v Board of Educ.*, 207 AD2d 430; *Rutigliano v Board of Educ.*, 176 AD2d 866). Therefore, the motion for summary judgment should have been granted.

To the extent that order appealed from, in effect, granted Bronco leave to file a late notice of claim, it was an improvident exercise of discretion. Not only does it appear that Yonkers would be substantially prejudiced in its defense on the merits due to the delay, but also, Bronco failed to raise a triable issue of fact, *inter alia*, that Yonkers or an agent thereof acquired actual knowledge of the essential facts of its claim within the relevant time frame, or within a reasonable time thereafter (*see*, Education Law § 3813 [2-a]; *Matter of Jackson v City of New Rochelle*, 227 AD2d 483; *Matter of Rusiecki v Clarkstown Cent. School Dist.*, 227 AD2d 493).

Finally, Bronco failed to raise a triable issue of fact that Yonkers should be estopped from interposing a defense pursuant to Education Law § 3813 (*see, e.g., Novak & Co. v Board of Educ.*, 217 AD2d 575; *Boeckmann & Assocs. v Board of Educ.*, 207 AD2d 773; *Campbell v City of New York*, 203 AD2d 504). Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.