■ ALFRED SANTINI & Co., INC., Respondent, v CITY OF NEW YORK et al., Appellants. [698 NYS2d 678] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 21, 1998, denying defendants' motion for summary judgment dismissing

the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

A claim for payment from the Board of Education must be preceded by a notice of claim served on the Board within three months of its accrual (Education Law § 3813 [1]; *Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 547-548), a condition precedent to the maintenance of the action (*Castagna & Son v Board of Educ.*, 151 AD2d 392), and untimeliness presents a fatal defect (*Parochial Bus Sys. v Board of Educ., supra*). Accrual generally equates with the date upon which the damages are ascertainable (*Castagna & Son v Board of Educ., supra*). For recovery of moneys due and owing out of a contract, the claim accrues at the time payment is denied, a rejection that may be constructively accomplished when, *inter alia*, the putative debtor declines to timely respond to the claimant's demand letter (*Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs.*, 258 AD2d 434, *lv denied* 93 NY2d 809). Since plaintiff was made aware by October 1996 that defendant would refuse to pay the claim, as was confirmed by correspondence in November 1996, and further confirmed by defendant's failure to respond within 10 days to plaintiff's demand for payment, as per plaintiff's November 7, 1996 demand letter, plaintiff's March 1997 notice of claim was untimely. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ.