■ D.J.H. MECHANICAL ASSOCIATES, LTD., Respondent, v MAHOPAC CENTRAL SCHOOL DISTRICT, Appellant. [799 NYS2d 907]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 21, 2004, which denied its motion to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The issue presented on this appeal is whether the plaintiff timely commenced this breach of contract action in accordance with Education Law § 3813 (2-b), which states that no action shall be commenced against a school district "more than one year after the cause of action arose." A cause of action to recover damages for breach of contract arises, and the statute of limitations therefore begins to run, upon the breach (*see John J. Kassner & Co. v City of New York*, 46 NY2d 544 [1979]). "A breach of contract can be said to occur when the claimant's bill is expressly rejected, or when the 'party seeking payment should have viewed his claim as having been constructively rejected' " (*Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1*, 207 AD2d 773, 775 [1994] quoting *Helmer-Cronin Constr. v Beacon Community Dev. Agency*, 156 AD2d 543, 543-544 [1989]; *see Spoleta Constr. & Dev. Corp. v Board of Educ. of Byron-Bergen Cent. School Dist.*, 221 AD2d 927 [1995]).

The defendant's motion to dismiss the complaint as time-barred was properly denied. The defendant failed to establish that the plaintiff's requests for payment were either expressly or constructively rejected, as is required for the cause of action to accrue, more than one year before commencement of the action. Florio, J.P., Krausman, Luciano and Spolzino, JJ., concur.