■ CAPSTONE ENTERPRISES OF PORT CHESTER, INC., Appellant, v VALHALLA UNION FREE SCHOOL DISTRICT, Respondent. [809 NYS2d 917]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (La Cava, J.), entered April 1, 2005, which granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint for failure to comply with Education Law § 3813 (1) and (2-b).

Ordered that the order is affirmed, with costs.

A cause of action alleging breach of contract arises, and the statute of limitations therefor begins to run, upon the breach (*see John J. Kassner & Co. v City of New York,* 46 NY2d 544 [1979]). "A breach of contract can be said to occur when the claimant's bill is expressly rejected, or when the party seeking payment should have viewed his claim as having been construc-

tively rejected" (*Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1*, 207 AD2d 773, 775 [1994] [internal quotation marks and citations omitted]; *see D.J.H. Mech. Assoc., Ltd. v Mahopac Cent. School Dist.*, 21 AD3d 521 [2005]).

The defendant established that the plaintiff's damages were ascertainable when it demanded payment on July 30, 2003 and the request for payment was rejected by the defendant in a letter dated August 15, 2003. Thus, the cause of action accrued more than 90 days prior to the filing of the notice of claim and more than one year before commencement of the action. Accordingly, the Supreme Court properly granted the defendant's motion to dismiss. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.