■ In the Matter of MAHOPAC CENTRAL SCHOOL DISTRICT, Appellant, v PIAZZA BROTHERS, INC., Respondent. [815 NYS2d 168]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated December 17, 2004, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On June 25, 2001 the respondent Piazza Brothers, Inc. (hereinafter Piazza), entered into a written contract with the petitioner Mahopac Central School District (hereinafter Mahopac), to perform general construction work at a public improvement project known as Mahopac High School Addition

and Renovation. Thereafter, a dispute arose as to the amount owed Piazza under the contract for its work.

On May 21, 2002 Piazza served Mahopac with a request for mediation seeking to recover damages in the sum of $1,259,900. From May 2002 until September 2003 Piazza and Mahopac participated in a series of discussions and meetings to resolve the dispute through mediation. Finally, by letter dated September 24, 2003, Mahopac advised Piazza that, "we believe that no useful purpose would be served by participating in a mediation with [Piazza] at this time." On November 22, 2003 Piazza served Mahopac with a notice of claim seeking damages in the sum of $1,726,589.73, for breach of contract. Mahopac rejected the notice of claim as untimely served.

Thereafter, the parties continued to participate in a series of discussions to resolve the dispute through negotiations. However, on March 16, 2004, Mahopac advised Piazza that a prior offer of settlement was withdrawn and that Piazza was "free to file [a] Demand for Arbitration or let the matter lapse." Subsequently, on May 6, 2004, Piazza served Mahopac with a demand to arbitrate its claim for payment of $1,726,589.73 under the contract.

Mahopac commenced this proceeding to stay Piazza's arbitration demand, claiming that the demand for arbitration was untimely served pursuant to Education Law § 3813 (2-b). The Supreme Court dismissed the proceeding on the ground that the demand was served within one year after Piazza's cause of action arose on September 24, 2003.

Education Law § 3813 (2-b) provides that no action or special proceeding shall be commenced against a school district more than one year after the cause of action arose. A breach of contract can be said to occur when the "party seeking payment should have viewed his claim as having been constructively rejected" (*Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1,* 207 AD2d 773, 775 [1994] [internal quotation marks omitted]; *see Helmer-Cronin Constr. v Beacon Community Dev. Agency,* 156 AD2d 543, 544 [1989]; *cf. Spoleta Constr. & Dev. Corp. v Board of Educ. of Byron-Bergen Cent. School Dist.,* 221 AD2d 927, 928 [1995]). Here, Mahopac failed to establish that prior to September 24, 2003, Piazza's several requests for payment were either expressly or constructively rejected (*see D.J.H. Mech. Assoc., Ltd. v Mahopac Cent. School Dist.,* 21 AD3d 521, 522 [2005]). Accordingly, the Supreme Court properly dismissed the proceeding. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.