■ In the Matter of HAWTHORNE CEDAR KNOLLS UNION FREE SCHOOL DISTRICT, Appellant, v CAREY & WALSH, INC., Respondent. [828 NYS2d 221]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Bellantoni, J.), dated November 22, 2005, which, in effect, denied the petition, dismissed the proceeding, and granted the respondent's cross motion to deem its demand for arbitration timely and to compel arbitration.

Ordered that the order and judgment is affirmed, with costs.

In June 2002 the respondent entered into a written contract with the petitioner to perform heating, ventilation, air conditioning, and automatic temperature control work at a public improvement construction project. The agreement provided for the arbitration of disputes arising out of the contract. The project was scheduled to be substantially completed in 2003, but due to delays, the respondent did not complete its portion of the work until sometime in April 2005. By letter dated May 5, 2005, the respondent submitted to the petitioner a claim for $966,477

in additional costs incurred as a result of the delays. The respondent also served the project's architect with a copy of the claim letter but did not receive any response. On June 13, 2005 the respondent served a demand for arbitration upon the petitioner. On July 8, 2005 the respondent served a notice of claim upon the petitioner's school board. The petitioner moved to permanently stay arbitration on the ground that the notice of claim and the demand for arbitration were untimely. The respondent cross-moved, inter alia, to deem the demand for arbitration timely and to compel arbitration.

The Supreme Court properly denied the petition and dismissed the proceeding to permanently stay arbitration. The notice of claim was timely served pursuant to Education Law 3813 (1) in that it was served on the school board within three months of the accrual of its claim for delay damages (*cf. C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d 189, 193 [2005]). Contrary to the petitioner's contentions, the respondent's claim accrued on June 11, 2005, when the architect constructively denied its claim for delay damages, not when the respondent could have ascertained its damages (*see* Education Law § 3813 [1]). Similarly, the respondent's demand for arbitration, based upon the petitioner's alleged breach of the parties' agreement, was also timely under Education Law § 3813 (2-b), as its cause of action arose when the architect constructively rejected the May 5, 2005 delay damages claim by failing to take any action on it (*see Matter of Mahopac Cent. School Dist. v Piazza Bros., Inc.*, 29 AD3d 699, 700 [2006], *lv denied* 7 NY3d 718 [2006]; *Capstone Enters. of Port Chester, Inc. v Valhalla Union Free School Dist.*, 27 AD3d 411, 411-412 [2006]). The respondent's presentment of the notice of claim three weeks after serving a demand for arbitration on the petitioner did not mandate a stay of arbitration as both the notice of claim and the demand for arbitration were served within the time period required under Education Law § 3813 (1) and (2-b) (*see generally Kingsley Arms, Inc. v Copake-Taconic Hills Cent. School Dist.*, 9 AD3d 696, 697-698 [2004]).

The petitioner's remaining contentions are either without merit or have been rendered academic by this determination. Crane, J.P., Skelos, Lifson and Dillon, JJ., concur.