■ GEORGE A. NOLE & SON, INC., Respondent, v CLINTON CENTRAL SCHOOL DISTRICT, Appellant. [832 NYS2d 706]—

Appeal from an order of the Supreme Court, Oneida County (Samuel D. Hester, J.), entered June 2, 2006. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff contracted with defendant to perform construction work on certain schools but was unable to meet the scheduled completion date. By letter dated November 10, 2003, plaintiff requested a "Change Order for impact costs" incurred "due to the significant number of Change Orders," resulting in the delays. By letter dated November 21, 2003, the architect for the project informed plaintiff that its "claim for additional compensation [was] rejected as untimely" pursuant to the terms of the parties' contract and the Education Law. In March 2004 plaintiff filed a verified notice of claim pursuant to Education Law § 3813 (1), and in October 2004 plaintiff filed an amended verified notice of claim.

Defendant moved for summary judgment contending, inter alia, that the statutory notices of claim were untimely. We conclude that Supreme Court erred in denying defendant's motion insofar as it sought summary judgment dismissing the complaint on that ground. Contrary to the contention of plaintiff, its letter constituted a "claim" within the meaning of the parties' contract. The claim for purposes of Education Law § 3813 (1) thus accrued when the architect, who pursuant to the terms of the contract had the final authority to grant or deny claims, unequivocally denied the claim by his letter dated November 21, 2003 (*see Matter of Hawthorne Cedar Knolls Union Free School Dist. v Carey & Walsh, Inc.*, 36 AD3d 810 [2007]; *Lenz Hardware, Inc. v Board of Educ. of Van Hornesville-Owen D. Young Cent. School Dist.*, 24 AD3d 1278 [2005]).

Plaintiff's notice of claim pursuant to Education Law § 3813 (1) was filed more than three months after that denial and thus was untimely. Inasmuch as the time within which to commence the action has expired, we cannot grant an extension of time to file a late notice of claim (*see* § 3813 [2-b]). Present—Gorski, J.P., Martoche, Smith, Lunn and Pine, JJ.