■ James McCullagh Co., Inc., Respondent, v South Huntington Union Free School District, Appellant. [833 NYS2d 214]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 23, 2006, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint for failure to comply with Education Law § 3813 (1) and (2-b).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint for failure to comply with Education Law § 3813 (1) and (2-b) is granted.

Pursuant to Education Law § 3813, no action may be maintained against a school district unless a notice of claim was served within three months of the date on which the claim accrued (*see* Education Law § 3813 [1]; *C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d 189, 192 [2005]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]). In actions "for monies due . . . [on a] contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]). Moreover, Education Law § 3813 (2-b) provides that no action against a school district shall be commenced more than one year after the cause of action arose. A breach of contract can be said to occur when the party seeking payment should have viewed his claim as having been constructively rejected (*see* Education Law § 3813 [1]; *see Matter of Hawthorne Cedar Knolls Union Free School Dist. v Carey & Walsh, Inc.*, 36 AD3d 810 [2007]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs.*, 258 AD2d 434, 435 [1999]; *Alfred Santini & Co. v City of New York*, 266 AD2d 119, 120 [1999]).

Here, the defendant established that the plaintiff's request for payment had been constructively rejected no later than February 2004, and thus, the cause of action accrued more than three months prior to service of the notice of claim in July 2004 and more than one year before commencement of the action in May 2005 (*see Capstone Enters. of Port Chester, Inc. v Valhalla Union Free School Dist.*, 27 AD3d 411, 412 [2006]).

Contrary to the plaintiff's contention, the defendant was not estopped from asserting its defense pursuant to Education Law § 3813 (*see Bronco Bus Corp. v City of Yonkers Bd. of Educ.*, 250 AD2d 718, 719 [1998]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.