■ CLEMENS REALTY, LLC, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [850 NYS2d 172]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated January 5, 2007, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) and denied its cross motion for leave to amend its complaint.

Ordered that the order is affirmed, with costs.

Education Law § 3813 (2-b) provides that no action or special proceeding shall be commenced against a school district more than one year after the cause of action arose. A breach of contract cause of action arises when the "party seeking payment should have viewed his claim as having been constructively rejected" (*Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1*, 207 AD2d 773, 775 [1994] [internal quotation marks omitted]; *see James McCullagh Co., Inc. v South Huntington Union Free School Dist.*, 39 AD3d 480, 481 [2007]; *Matter of Mahopac Cent. School Dist. v Piazza Bros., Inc.*, 29 AD3d 699, 700 [2006]; *Capstone Enters. of Port Chester, Inc. v Valhalla Union Free School Dist.*, 27 AD3d 411, 411-412 [2006]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs.*, 258 AD2d 434 [1999]). Here, the defendant established that the plaintiff's claim was constructively rejected more than one year before commencement of the action (*see James McCullagh Co., Inc. v South Huntington Union Free School Dist.*, 39 AD3d at 481; *D.J.H. Mech. Assoc., Ltd. v Mahopac Cent. School Dist.*, 21 AD3d 521, 522 [2005]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs.*, 258 AD2d 434 [1999]). Accordingly, the Supreme Court properly dismissed this cause of action as time-barred.

In addition, the Supreme Court also correctly dismissed the second cause of action seeking to recover damages for breach of duty of care. "[A] simple breach of contract is not to be

considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987] [citations omitted]; *see Sargent v New York Daily News, L.P.*, 42 AD3d 491, 493 [2007]; *Brown v Wyckoff Hgts. Med. Ctr.*, 28 AD3d 412, 413 [2006]; *Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 680 [2005]; *Briar Contr. Corp. v City of New York*, 156 AD2d 628, 629 [1989]; *see also Wecker v Quaderer*, 237 AD2d 512, 513 [1997]). In fact, "[s]imply alleging a duty of due care does not transform a breach of contract action into a tort claim" (*Briar Contr. Corp. v City of New York*, 156 AD2d at 629; *see Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d at 680). The plaintiff failed to allege or demonstrate that the defendant owed it a legal duty independent of the contractual duty, and that the defendant breached that independent duty. Accordingly, the Supreme Court properly dismissed this cause of action as well.

In light of this determination, the plaintiff's remaining contention has been rendered academic. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.