■ ANGELO CAPOBIANCO, INC., Respondent-Appellant, v BRENT-WOOD UNION FREE SCHOOL DISTRICT, Appellant-Respondent. [862 NYS2d 561]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), entered January 17, 2007, as denied that branch of its cross motion which was to dismiss the complaint for failure to timely serve a notice of claim pursuant to Education Law § 3813 (1) and as time-barred under Education Law § 3813 (2-b), and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its motion, in effect, for partial summary judgment on the complaint awarding it the sum of $84,350 plus interest from August 17, 2005.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In November 2001, the plaintiff entered into a written contract with the defendant to perform construction work at certain of the defendant's middle schools. On August 8, 2002, the defendant issued a proposal request to the plaintiff, inter alia, directing it to delete specified reroofing work and to submit a proposal for changes affording it a credit in the contract sum. The plaintiff submitted a proposed change order dated October 9, 2002, which provided the defendant with a credit in the sum of $50,382 for the omitted work. On or about April 14, 2003, the defendant responded to the proposal, claiming that it was entitled to a credit in the sum of $131,445 for the omitted work. Thereafter, the plaintiff submitted an updated proposed change order providing the defendant with a credit in the sum of $47,095 for the omitted work. Informal discussions were held in an attempt to resolve the parties' dispute over the amount of the credit and how the credit should be calculated. On October 7, 2003, the plaintiff sent the defendant a letter from its attorney which explained how the credit should be calculated pur-

suant to the terms of the contract, but which did not request payment. The defendant did not respond to the letter.

According to the plaintiff, at a project close-out meeting held on June 16, 2005, the defendant stated that it would further investigate the credit issue by August 1, 2005. After the defendant failed to respond to the plaintiff about the credit, the plaintiff submitted its final requisition for payment on August 17, 2005. The defendant did not make any payment. The plaintiff filed its notice of claim on August 24, 2005, and commenced this action by filing a summons and complaint on December 19, 2005. The plaintiff moved, in effect, for partial summary judgment on the complaint awarding it the sum of $84,350 plus interest from August 17, 2005, the amount it contends is undisputedly owed to it, and the defendant cross-moved, inter alia, to dismiss the complaint for failure to timely serve a notice of claim pursuant to Education Law § 3813 (1) and as time-barred under Education Law § 3813 (2-b).

Pursuant to Education Law § 3813, no action may be maintained against a school district unless a notice of claim was served within 90 days of the date on which the claim accrued (*see* Education Law § 3813 [1]; *Matter of Piazza Bros., Inc. v Board of Educ. of Mahopac Cent. School Dist.*, 29 AD3d 701 [2006]). Further, an action against a school district must be commenced within one year after the cause of action arose (*see* Education Law § 3813 [2-b]; *Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1*, 207 AD2d 773, 775 [1994]). "In the case of an action or special proceeding for monies due arising out of a contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]).

Contrary to the defendant's contention, neither the plaintiff's submission of the proposed change order dated October 9, 2002, nor the letter from its attorney dated October 7, 2003, was a request for payment. Additionally, the fact that the parties participated in informal discussions and negotiations regarding the credit issue up to the close-out meeting held on June 16, 2005, indicates that the defendant had not previously denied a claim for payment (*see Matter of Piazza Bros., Inc. v Board of Educ. of Mahopac Cent. School Dist.*, 29 AD3d at 701; *Albany Specialties v Shenendehowa Cent. School Dist.*, 307 AD2d 514 [2003]). Therefore, the defendant failed to establish that the plaintiff's request for payment was either expressly or constructively rejected prior to August 17, 2005, when the plaintiff sent the defendant its final requisition for payment (*see Matter of Pi-*

*azza Bros., Inc.*, 29 AD3d at 701; *Mitchell v Board of Educ. of City School Dist. of City of N.Y.*, 15 AD3d 279, 280-281 [2005]). Accordingly, the August 24, 2005, notice of claim was timely. Similarly, the plaintiff's summons and complaint dated December 19, 2005, was timely under Education Law § 3813 (2-b), as the cause of action for breach of contract arose when the defendant constructively rejected the August 17, 2005, final requisition for payment by failing to take any action on it (*see Clemens Realty, LLC v New York City Dept. of Educ.*, 47 AD3d 666 [2008]; *Matter of Hawthorne Cedar Knolls Union Free School Dist. v Carey & Walsh, Inc.*, 36 AD3d 810 [2007]; *Capstone Enters. of Port Chester, Inc. v Valhalla Union Free School Dist.*, 27 AD3d 411, 411-412 [2006]).

The Supreme Court properly denied the plaintiff's motion, in effect, for partial summary judgment on the complaint awarding it the sum of $84,350, representing the difference between the amount of the credit to which the defendant claims it is entitled to and the amount of the credit which the plaintiff claims is due to the defendant, plus interest from August 17, 2005. The plaintiff failed to meet its burden of establishing its entitlement to judgment as a matter of law for this amount, as there are triable issues of fact concerning the proper calculation of the credit (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Moreover, an award of partial summary judgment to the plaintiff would have been premature since additional discovery remained outstanding (*see* CPLR 3212 [f]; *Rengifo v City of New York*, 7 AD3d 773; *Lantigua v Mallick*, 263 AD2d 467 [1999]). Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.