ZURICH AMERICAN INSURANCE COMPANY et al., Respondents, v RAMAPO CENTRAL SCHOOL DISTRICT, Appellant. [879 NYS2d 585]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated July 1, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 2003 the defendant Ramapo Central School District (hereinafter the School District) entered into a contract with Parsippany Construction Co., Inc. (hereinafter PCC), for various school construction work. The plaintiff Zurich American Insurance Company (hereinafter Zurich) issued a payment bond for the contract. In addition to its rights as surety, Zurich took assignment of PCC's rights against the School District.

On December 5, 2005 PCC submitted various claims to the School District for the adjustment of claims for compensation which were additional to the agreed-upon contract price. Significantly, PCC's letter did not set a deadline or other ultimatum for the payment of the claim (cf. *James McCullagh Co., Inc. v South Huntington Union Free School Dist.*, 39 AD3d 480, 481 [2007]; *Alfred Santini & Co. v City of New York*, 266 AD2d 119, 120 [1999]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs.*, 258 AD2d 434, 435 [1999]). Rather, PCC requested that the claims be submitted to mediation in the event they could not be adjusted (see *Matter of Mahopac Cent. School Dist. v Piazza Bros., Inc.*, 29 AD3d 699, 701 [2006]).

The School District's project architect responded by letter dated February 7, 2006, wherein he declined to approve the claims and referred PCC to the mediation provisions of the contract. By letter dated March 2, 2006, addressed to the project architect and the School District, PCC requested that mediation be initiated on this claim and that a mediation of a prior claim be reactivated. Shortly thereafter, counsel for the parties engaged in discussions to select a mediator. The following month, on April 5, 2006, counsel for the School District advised counsel for PCC "my client feels comfortable proceeding with [the suggested mediator]." On or about November 8, 2006, the parties entered into a formal mediation agreement. The mediation was scheduled to commence on December 6, 2006. However, the mediation was adjourned to February 12, 2007 because the School District failed to bring a person with authority to settle the claims to the mediation. At the conclusion of the February 12, 2007 mediation session the dispute was not settled and the School District advised PCC that the claims were rejected. By letter dated March 22, 2007, apparently concerned that certain discussions "since the conclusion of the mediation" might be "considered settlement discussions," the School District superintendent wrote to PCC to advise that the participation by the School District in "these discussions in no [way] waives or obviates either the contractual or statutory requirements relative to pursuing claims against the School District." Significantly, the Superintendent's letter made no reference to the almost year-long process leading to the mediation session, but was limited to the post-mediation discussions. On April 9, 2007 PCC filed a notice of claim and this action was commenced by, among others, Zurich on November 20, 2007.

The School District moved for summary judgment, arguing that PCC's notice of claim was untimely under Education Law § 3813 (1) since it was filed more than three months after the February 7, 2006 letter which, the School District contended, rejected PCC's claims for payment. The School District also argued that the lawsuit was untimely as it was not commenced within one year after February 7, 2006 (see Education Law § 3813 [2-b]). The Supreme Court denied the motion. We affirm.

Pursuant to Education Law § 3813, no action may be maintained against a school district unless a notice of claim was served within three months of the date on which the claim accrued (see Education Law § 3813 [1]; *C.S.A. Contr. Corp. v New York City School Constr. Auth.*, 5 NY3d 189, 192 [2005]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]; *Angelo Capobianco, Inc. v Brentwood Union Free*

*School Dist.,* 53 AD3d 634 [2008]). "The requirement of Education Law § 3813 (1) that a notice of claim be served upon a school district in an action arising from a contract within three months from accrual of the claim is a condition precedent to maintaining such action" (*Consolidated Constr. Group, LLC v Bethpage Union Free School Dist.,* 39 AD3d 792, 794 [2007]). In addition, an action against a school district must be commenced within one year after the cause of action arose (*see* Education Law § 3813 [2-b]; *Allshine, C.S. v South Orangetown Cent. School Dist.,* 305 AD2d 617, 618 [2003]; *Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1,* 207 AD2d 773, 775 [1994]). In actions "for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]) that is, when there has been either an express rejection of the claim or when the "party seeking the payment should have viewed the claim as having been constructively rejected" (*Helmer-Cronin Constr. v Beacon Community Dev. Agency,* 156 AD2d 543, 544 [1989]; *see also Mainline Elec. Corp. v East Quogue Union Free School Dist.,* 46 AD3d 859 [2007]).

Unlike the school district's letter in *Matter of Mahopac Cent. School Dist. v Piazza Bros., Inc.* (29 AD3d 699, 700 [2006]), which advised the contractor that there would be "no useful purpose" in pursuing mediation, the February 7, 2006 letter from the School District's architect to PCC did not unequivocally deny PCC's formal demand for payment of the claims and the conduct of the School District was not so unambiguous that PCC should have viewed the denial of its claims to be a final determination (*see Angelo Capobianco, Inc. v Brentwood Union Free School Dist.,* 53 AD3d 634, 635 [2008]; *Matter of Mahopac Cent. School Dist. v Piazza Bros., Inc.,* 29 AD3d 699, 701 [2006]; *Mitchell v Board of Educ. of City School Dist. of City of N.Y.,* 15 AD3d 279, 280-281 [2005]). To the contrary, it is apparent from the parties' correspondence and conduct that they contemplated engaging in voluntary mediation, and thereafter did in fact proceed to mediation, pursuant to the "supplementary conditions" to the contract, as a means of attempting to resolve their dispute (*id.*). Had it been the position of the School District that the claim was barred by PCC's failure to serve a notice of claim within three months of the project architect's letter of February 7, 2006, it would have been disingenuous for the School District to have participated in voluntary mediation.

Under these circumstances, the School District failed to establish that PCC's claim was finally rejected, either expressly or

constructively, prior to February 12, 2007 (*see Angelo Capobianco, Inc. v Brentwood Union Free School Dist.*, 53 AD3d 634, 635 [2008]; *Matter of Mahopac Cent. School Dist. v Piazza Bros., Inc.*, 29 AD3d 699, 701 [2006]; *Mitchell v Board of Educ. of City School Dist. of City of N.Y.*, 15 AD3d 279, 280-281 [2005]; *cf. Alfred Santini & Co. v City of New York*, 266 AD2d 119, 120 [1999]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs.*, 258 AD2d 434, 435 [1999]). Accordingly, the School District's motion for summary judgment was properly denied. Skelos, J.P., Fisher, Dillon and Eng, JJ., concur.