■ ORISKA INSURANCE COMPANY, Appellant, v BOARD OF EDUCATION, RICHFIELD SPRINGS CENTRAL SCHOOL DISTRICT, Respondent. [890 NYS2d 171]—

Malone Jr., J.

Defendant contracted with D.C. Electric Company of CNY, Inc. for electrical work to be performed at one of its schools. In connection with this contract, D.C. Electric provided defendant

with a labor and material payment bond, for which plaintiff was the surety. For reasons not relevant here, D.C. Electric abandoned the project in March 2004 and plaintiff was called upon to complete it. The work was substantially completed by plaintiff in October 2005.

In February 2007, after months of correspondence that apparently caused plaintiff to believe that defendant was not going to remit payment to it, plaintiff filed a notice of claim pursuant to Education Law § 3813. After defendant did not respond to the notice of claim, plaintiff commenced this action to recover the money allegedly owed to it pursuant to the contract. Defendant answered and moved for summary judgment dismissing the complaint, alleging that the notice of claim was deficient. Supreme Court granted the motion and plaintiff appeals.

Initially, we agree with plaintiff that Supreme Court improperly relied on *Matter of Board of Educ. of Enlarged Ogdensburg City School Dist. (Wager Constr. Corp.)* (37 NY2d 283 [1975]) in determining whether the notice of claim was timely. According to *Wager*, which predates the 1992 amendments to Education Law § 3813, the three-month notice of claim period begins on the date that damages are ascertainable (*id.* at 290). Postamendment, however, in actions "for monies due arising out of contract," such as the instant action, "accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]; *accord Zurich Am. Ins. Co. v Ramapo Cent. School Dist.,* 63 AD3d 729, 731 [2009]; *see* L 1992, ch 387). A denial of payment is deemed to occur upon an explicit refusal to pay, or when a party " 'should have viewed [its] claim as having been constructively rejected' " (*Zurich Am. Ins. Co. v Ramapo Cent. School Dist.,* 63 AD3d at 731, quoting *Helmer-Cronin Constr. v Beacon Community Dev. Agency,* 156 AD2d 543, 544 [1989]). Here, it is not disputed by the parties that defendant never issued an explicit written denial of payment to plaintiff and, thus, the relevant issue is whether defendant met its burden, as the movant for summary judgment, of establishing that it constructively rejected a demand for payment by plaintiff more than three months prior to the filing of plaintiff's notice of claim.

In that regard, the record reflects that, by letter dated September 8, 2006, plaintiff requested that defendant either release the contract funds to it or advise it of the reasons for refusal by September 15, 2006. Ordinarily, because defendant neither released the disputed funds to plaintiff nor provided plaintiff with reasons for the denial by that deadline, a constructive rejection would be deemed to have occurred (*see Tompkins-*

*Seneca-Tioga Schools Health Ins. Coop. v Candor Cent. School Dist.*, 44 AD3d 1236, 1237 [2007], *lv dismissed* 10 NY3d 733 [2008]; *Alfred Santini & Co. v City of New York*, 266 AD2d 119, 120 [1999], *lv denied* 95 NY2d 752 [2000]; *see also Scantron Corp. v New York City Bd. of Educ.*, 3 Misc 3d 1042, 1046 [2004]). However, over the next several months, the parties exchanged correspondence in which defendant alleged that certain items of work were either incomplete or unacceptably completed and plaintiff responded to such claims, indicating a willingness to remedy any of the perceived deficiencies in its work. It is apparent from the face of these letters—the last of which is dated June 6, 2007—that the parties contemplated that they would continue to attempt to resolve their conflicts without resorting to judicial intervention (*see e.g. Zurich Am. Ins. Co. v Ramapo Cent. School Dist.*, 63 AD3d at 731).

Based on the foregoing, we find that defendant failed to establish that it constructively rejected any demand for payment more than three months prior to plaintiff's filing of the notice of claim (*see Matter of Piazza Bros., Inc. v Board of Educ. of Mahopac Cent. School Dist.*, 29 AD3d 701, 702 [2006]). Notably, defendant did not allege in its motion papers a date on which it considered a denial of payment to have occurred (*see Conmas, Inc. v Tully Cent. School Dist.*, 43 AD3d 614, 616 [2007]).* Accordingly, Supreme Court should have denied defendant's motion for summary judgment.

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.

---

* We further note that in its brief on appeal, defendant similarly does not offer a date certain for a denial but, rather, argues that plaintiff's notice of claim is untimely under a *Wager* analysis.