■ GRANITE CAPITAL HOLDINGS, INC., Doing Business as MIRABITO ENERGY GROUP, Now Known as MIRABITO HOLDINGS, INC., Doing Business as MIRABITO ENERGY PRODUCTS, Respondent, v SHERBURNE-EARLVILLE CENTRAL SCHOOL DISTRICT, Appellant. [924 NYS2d 182]—

Malone Jr., J. Appeal from an order of the Supreme Court (Sullivan, J.), entered March 17, 2010 in Chenango County, which, among other things, denied defendant's motion to, among other things, dismiss the complaint.

In 2008, the Delaware-Chenango-Madison-Otsego Board of Cooperative Educational Services solicited bids for the purchase of fuel oil by certain school districts, including defendant, based upon certain specifications and estimated annual fuel usage. Plaintiff was awarded the bid and, thereafter, defendant formally confirmed its acceptance of the energy bid for specific fuels, including #2 fuel oil. In December 2008, however, defendant stopped purchasing #2 fuel oil from plaintiff and began purchasing such fuel oil requirements from other vendors. At the conclusion of the contract term—which ran from July 1, 2008 through June 30, 2009—plaintiff prepared an estimate of damages based upon defendant's failure to purchase the estimated amount of #2 fuel oil and, in August 2009, served defendant with a demand for payment. In September 2009, defendant denied the request for payment.

Plaintiff served defendant with a notice of claim on September 21, 2009 and commenced this action. Following defendant's answer, plaintiff moved to strike defendant's second affirmative defense, which challenged the timeliness of the notice of claim. Defendant then cross-moved to dismiss the complaint for failure to state a cause of action or, in the alternative, for failure to serve a timely notice of claim. Supreme Court denied defendant's motion to dismiss, determining that plaintiff's complaint stated a cause of action for a breach of a requirements contract and the notice of claim was timely. This appeal ensued.

Initially, we agree with Supreme Court that the notice of claim was timely. In an action "for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]; *see Oriska Ins. Co. v Board of Educ., Richfield Springs Cent. School Dist.*, 68 AD3d 1190, 1191 [2009]). "A denial of payment is deemed to occur upon an explicit refusal to pay, or when a party should have viewed [its] claim as having been constructively rejected" (*Oriska Ins. Co. v Board of Educ., Richfield Springs Cent. School Dist.*, 68 AD3d at 1191 [internal quotation marks and citations omitted]). Defendant asserts that it constructively rejected payment in March 2009 when it allegedly informed plaintiff that it was not bound by any contract to purchase fuel oil. However, under the circumstances herein, plaintiff could not make a demand for payment until the end of the contract period when defendant's fuel requirements were

known—at which point plaintiff's damages were " 'certain and ascertainable' " (*Matter of Dembovich v Liberty Cent. School Dist. Bd. of Educ.*, 296 AD2d 794, 796 [2002], quoting *Matter of Chanecka v Board of Educ., Broome-Tioga BOCES*, 243 AD2d 1011, 1012 [1997], *appeal dismissed* 91 NY2d 920 [1998], *lv denied* 92 NY2d 802 [1998]). Defendant thereafter explicitly denied the request for payment by letter dated September 3, 2009, rendering plaintiff's September 21, 2009 notice of claim timely (*see* Education Law § 3813 [1]).

In determining whether plaintiff stated a cause of action, this Court "must liberally construe the pleadings in plaintiff's favor, accept the facts alleged as true, and determine whether the facts alleged fit within any cognizable legal theory" (*McNeary v Niagara Mohawk Power Corp.*, 286 AD2d 522, 523-524 [2001]; *see Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]). Here, plaintiff's complaint alleges that, after plaintiff was awarded the bid to supply fuel oil at a specified price, defendant confirmed its acceptance and reaffirmed its estimated annual fuel oil needs. However, although plaintiff, as obligated by the terms of the contract, maintained a sufficient supply of oil in order to satisfy defendant's estimated annual fuel usage, defendant did not purchase its required fuel oil from plaintiff during the contract period. Furthermore, the parties' agreement explicitly provides for situations when defendant can purchase its fuel oil from other vendors, and such were not present here. We agree with Supreme Court that, if accepted as true, these facts sufficiently state a cause of action for breach of a requirements contract (*see* UCC 2-306; *see generally Matter of L&M Bus Corp. v New York City Dept. of Educ.*, 71 AD3d 127, 137 [2009], *lv granted in part and dismissed in part* 15 NY3d 889 [2010]).

Defendant's remaining contentions, to the extent they are properly before us, have been considered and are without merit.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.