■ SEARS, ROEBUCK AND Co., Appellant, v PATCHOGUE ASSOCIATES, LLC, Respondent. [928 NYS2d 476]—

A breach of contract cause of action accrues, and the relevant six-year statute of limitations begins to run, at the time of the breach (*see* CPLR 213 [2]), which, as a general rule, "occurs when all of the factual elements necessary to maintain the lawsuit and obtain relief come into existence" (*HP Capital, LLC v Village of Sleepy Hollow*, 68 AD3d 928, 929 [2009]; *see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]). Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint as time-barred by submitting evidence establishing that the breach of contract causes of action accrued when the parties signed the subject lease in 1998. Prior to the time the parties entered into the lease agreement, the plaintiff obtained a title report which reflected that the use of the leasehold was limited by covenants and restrictions of record. Even though the plaintiff was aware that the lease provision that the subject property could be used for any lawful purpose was limited, it nevertheless entered into the lease.

The plaintiff did not commence the instant action until 2008, well over six years after the causes of action accrued. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint as time-barred.

The plaintiff's remaining contentions have been rendered academic in light of our determination. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.