■ EAST HAMPTON UNION FREE SCHOOL DISTRICT, Appellant, v SANDPEBBLE BUILDERS, INC., et al., Respondents. [935 NYS2d 616]—

In April 2002 the President of the Board of Education of the plaintiff, East Hampton Union Free School District (hereinafter the School District), executed a contract, ostensibly on behalf of the School District, providing that the defendant Sandpebble Builders, Inc. (hereinafter Sandpebble), would serve as a construction manager in renovating certain schools. Additionally, Sandpebble alleges that it entered into an agreement with the School District in September 2003, pursuant to which it agreed to serve as a construction manager with respect to the installation of certain portable classrooms. In this action commenced by the School District, Sandpebble asserted counterclaims alleging that the School District breached these two

agreements. The School District moved, inter alia, to dismiss the counterclaims pursuant to CPLR 3211 (a) (5) as time-barred, and for failure to serve proper and timely notices of claim. In the order appealed from, the Supreme Court, inter alia, denied those branches of the motion. We affirm the order insofar as appealed from.

An action to recover damages for a breach of contract against a school district or school board must be commenced within one year after the cause of action accrued (*see* Education Law § 3813 [2-b]; *Zurich Am. Ins. Co. v Ramapo Cent. School Dist.*, 63 AD3d 729, 731 [2009]). "A breach of contract cause of action accrues . . . at the time of the breach" (*Sears, Roebuck & Co. v Patchogue Assoc., LLC*, 87 AD3d 629, 630 [2011]; *see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]; *HP Capital, LLC v Village of Sleepy Hollow*, 68 AD3d 928, 929 [2009]). "To dismiss a cause of action pursuant to CPLR 3211 (a) (5), on the ground that it is barred by the Statute of Limitations, [the party asserting that the cause of action is time-barred] bears the initial burden of establishing prima facie that the time in which to sue has expired" (*Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734, 734 [2008] [internal quotation marks omitted]). If the movant meets this burden, the nonmoving party, in order to successfully oppose the motion, must raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable (*see Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]; *Rakusin v Miano*, 84 AD3d 1051 [2011]), or that the cause of action was actually interposed within the applicable limitations period (*see Krichmar v Scher*, 82 AD3d 1164, 1165 [2011]). Moreover, pursuant to CPLR 203 (d), a "counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed."

Here, the claims asserted in the complaint were interposed on January 3, 2007. The School District failed to establish, prima facie, that the counterclaims were time-barred as of that date. The School District failed to eliminate questions of fact as to whether it terminated the April 2002 contract in 2005, as it contends, or in 2006, as Sandpebble contends (*see Zurich Am. Ins. Co. v Ramapo Cent. School Dist.*, 63 AD3d at 731-732; *Angelo Capobianco, Inc. v Brentwood Union Free School Dist.*, 53 AD3d 634, 635 [2008]). Further, questions of fact exist as to when Sandpebble's demand for payment under the alleged agreement to provide construction management services for installation of portable classrooms was either expressly rejected or should have been viewed as having been constructively rejected

(*see Zurich Am. Ins. Co. v Ramapo Cent. School Dist,* 63 AD3d at 731-732; *Angelo Capobianco, Inc. v Brentwood Union Free School Dist.,* 53 AD3d at 635). Thus, the Supreme Court properly denied that branch of the School District's motion which was pursuant to CPLR 3211 (a) (5) to dismiss Sandpebble's counterclaims as time-barred by the one-year limitations period set forth in Education Law § 3813 (2-b).

Moreover, in light of the questions of fact that existed as to when Sandpebble's counterclaims accrued, the Supreme Court properly denied that branch of the School District's motion which was to dismiss Sandpebble's counterclaims for failure to timely serve proper notices of claim (*see* Education Law § 3813 [1]; *Zurich Am. Ins. Co. v Ramapo Cent. School Dist,* 63 AD3d at 731; *Angelo Capobianco, Inc. v Brentwood Union Free School Dist.,* 53 AD3d at 635).

The School District's remaining contentions are without merit. Skelos, J.P., Hall, Lott and Roman, JJ., concur.