■ School Aid Specialists, LLC, Appellant, v Board of Education of Warwick Valley Central School District et al., Respondents. [13 NYS3d 835]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Onofry, J.), dated September 4, 2013, which denied its motion to dismiss the defendants' affirmative defenses and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Education Law § 3813 (1) requires a party to serve a notice of claim upon a school district within three months after the accrual of such claim as a condition precedent to the commencement of an action (*see Zurich Am. Ins. Co. v Ramapo Cent. School Dist.*, 63 AD3d 729, 730 [2009]). Claims arising out of a breach of contract accrue when "payment for the amount claimed was denied" (Education Law § 3813 [1]). A denial of payment is only deemed to occur "upon an explicit refusal to pay" or when a party should have viewed its claim as having been constructively rejected (*Oriska Ins. Co. v Board of Educ., Richfield Springs Cent. School Dist.*, 68 AD3d 1190, 1191

[2009]; *see Capstone Enters. of Port Chester, Inc. v Board of Educ. Irvington Union Free Sch. Dist.*, 106 AD3d 856, 860-861 [2013]; *Zurich Am. Ins. Co. v Ramapo Cent. School Dist.*, 63 AD3d at 731; *Mainline Elec. Corp. v East Quogue Union Free School Dist.*, 46 AD3d 859, 861 [2007]). Here, in support of that branch of the defendants' cross motion which was for summary judgment dismissing the complaint, the defendants demonstrated, prima facie, that the plaintiff failed to serve a notice of claim within three months of October 19, 2011, the date when the defendants explicitly refused payment to the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.