Corbex, Inc. v New York City Sch. Constr. Auth. (2025 NY Slip Op 06894)

Corbex, Inc. v New York City Sch. Constr. Auth.

2025 NY Slip Op 06894

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 809231/22|Appeal No. 5366|Case No. 2024-04574|

[*1]Corbex, Inc., Plaintiff-Appellant,
v
New York City School Construction Authority, Defendant-Respondent.

Welby, Brady & Greenblatt, LLP, White Plains (Lita M. Ward of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Lauren L. O'Brien of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about July 11, 2024, which granted defendant New York City School Construction Authority's (SCA) motion to dismiss the complaint as time-barred, unanimously reversed, on the law, without costs, motion denied, the complaint reinstated, and the matter remanded for further proceedings.
Plaintiff Corbex Inc. was awarded the contract by defendant SCA to perform work related to the demolition, furnishing, and installation of exterior masonry, parapet walls, and roofing on a construction project at a school. The crux of this breach of contract action centers on a dispute over whether terra cotta replacement work was included in the contract, and whether plaintiff is entitled to extra-contractual compensation related to the terra cotta replacement work. The parties disputed whether the contract obligated Corbex to perform this work in various requests for information, notices of direction, and a request for a change order.
On June 8, 2021, SCA sent Corbex an email that attached the relevant disputed notice of direction and request for information and stated "Corbex has the right to file for Mediation" and that SCA "was awaiting your filing." On June 22, 2021, Corbex submitted and presented to SCA the verified notice of claim, executed June 17, 2021, seeking additional compensation for the terra cotta work it had performed at SCA's direction. After mediation on March 30, 2022 failed to resolve the dispute, Corbex, on June 21, 2022, commenced this action by filing a summons with notice.
The June 21, 2022 filing of the summons with notice, which was within one year of the service of the June 22, 2021 notice of claim, timely commenced this action consistent with the requirements of Public Authorities Law § 1744(2) (see e.g. Zurich Am. Ins. Co. v Ramapo Cent. School Dist., 63 AD3d 729, 731 [2d Dept 2009]). While SCA argues that it denied the Corbex claim for payment in its responses in the requests for information, notices of direction and, at the latest, in the June 8, 2021 email, Corbex argues that SCA never actually issued a denial of a claim for payment until the failed March 30, 2022 mediation. At the very least, issues of fact exist with respect to when the claim accrued, precluding dismissal (see generally id.; Hilt Constr., Inc. v New York City Sch. Constr. Auth., 2020 NY Slip Op 33783[U] [Sup Ct, NY County 2020]).
We decline to address and decide, in the first instance, SCA's alternative arguments for dismissal of the complaint, which Supreme Court did not reach.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025