(December 17, 1998)

■ EBC Amro Asset Management Limited, Respondent, v John Kaiser, Appellant, et al., Defendants. [681 NYS2d 539] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 8, 1998, which, *inter alia*, granted summary judgment to plaintiff, and referred the matter to a Referee to compute the amounts due plaintiff and senior lienors, unanimously reversed, on the law, without costs, plaintiff's motion denied with leave to renew upon completion of discovery, and cross-motion of defendant Kaiser to amend his answer and conduct discovery granted.

On July 11, 1984, plaintiff's assignor, European Banking Co. Ltd., located in London, offered defendant John Kaiser and the non-appealing defendant Malcolm McMillian a "loan facility" in the amount of $750,000, secured by a "Property Charge", defined as a mortgage on 9 Gramercy Park South, and a "Securities Charge", defined as an agreement "whereby the Borrowers have agreed to charge certain securities in favor of the Bank". The Securities Charge, also executed on July 11, 1984, provided that the $750,000 loan would be allocated as follows: $67,650.29 to purchase a consolidated mortgage on 9 Gramercy Park South (the Property); $67,349.71 to make improvements on the Property; and the balance of $615,000 to be used by the Bank to purchase securities and hold them in a "managed investment portfolio" as additional security for the loan.

In opposition to plaintiff's motion for summary judgment on its foreclosure claim, defendant Kaiser alleged that plaintiff negligently and recklessly mismanaged the investment fund of $615,000 to the extent that all of such funds were lost. Indeed, plaintiff did *not* deny the allegation that it had lost the entire $615,000. Accordingly, defendants requested leave to amend their answer to properly allege these defenses, and, since plaintiff had exclusive control of the funds, defendants sought leave to conduct discovery.

Although the motion court properly held that the plaintiff made a prima facie showing of entitlement to summary judgment based upon counsel's affirmation and the documents annexed (*see, Olan v Farrell Lines*, 64 NY2d 1092), defendant's cross-motion for leave to amend his answer should have been granted.

Where plaintiff mortgagee moves for summary judgment, "it is proper for the court to look beyond the defendant's answer and deny summary judgment if facts are alleged in opposition to the motion which, if true, constitute a meritorious defense"

(*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 182). Here, defendants offered the elements of a viable defense.

A mortgagor may be relieved from his default under a mortgage upon a showing of waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct by the mortgagee (*Nassau Trust Co. v Montrose Concrete Prods. Corp., supra,* at 183; *Massachusetts Mut. Life Ins. Co. v Transgrow Realty Corp.*, 101 AD2d 770). "Fraud or misrepresentation in procuring the mortgage sought to be foreclosed will prevent equitable relief, *as will a misappropriation of security by the mortgagee*" (78 NY Jur 2d, Mortgages, § 600, at 472 [emphasis added]). To the extent *Northeast Sav. v Rodriguez* (159 AD2d 820 [3d Dept], *appeal dismissed* 76 NY2d 889) appears to hold that a claim of unconscionable misconduct can defeat a mortgagee's claim *only* where the alleged misconduct took place in the course of procuring the mortgage, we disagree.

Depending upon the circumstances, a dissipation of an investment fund that served as security for a loan may amount to a misappropriation of security. The absence of any denial or explanation by plaintiff regarding its loss of the entire investment fund of $615,000 raises significant questions about the equities between the parties.

Finally, we reject defendant's challenge to the assertion of personal jurisdiction over him. In the absence of an affidavit from Kaiser affirmatively stating that he was not served as claimed, the conclusory assertion in the verified answer that defendants were not properly served is insufficient to require a hearing or to support a conclusion of improper service (*Grunberg v George Assocs.*, 104 AD2d 745, 747; *Newman & Leventhal v Sanders*, 115 AD2d 360). Concur—Lerner, P. J., Ellerin, Andrias and Saxe, JJ.