■ ZACHARY C. FLUHR et al., Appellants-Respondents, v ROBERT GOLDSCHEIDER, Respondent-Appellant. [695 NYS2d 30] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 22, 1998, which, in an action between shareholders of a close corporation, dismissed plaintiffs' cause of action for tortious interference with contract for failure to state a cause of action, unanimously modified, on the law, to dismiss as well the causes of action for breach of contract and negligence, and otherwise affirmed, without costs.

The cause of action alleging an agreement under which plaintiffs were to receive money and shares of common stock in the subject corporation in exchange for their shares of preferred stock in the corporation should have been dismissed absent a writing (UCC former 8-319; *see, Kubin v Miller*, 801 F Supp 1101, 1121; *Gross v Vogel*, 81 AD2d 576, 577), and absent any

credible allegation that a writing exists (*see, WFB Telecommunications v NYNEX Corp.*, 188 AD2d 257, 259, *lv denied* 81 NY2d 709). Plaintiff's allegations that they were "provided with certain documents" regarding the proposed transaction and signed "certain corporate consents" in consideration of being paid $125,000 are too vague to show a writing signed by defendant, the party to be charged. The cause of action for negligence, which alleged no more than that plaintiffs were injured by defendant's actions with respect to the alleged contract, also should have been dismissed since no cause of action exists for negligent performance of a contract (*see, Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 211). Finally, the cause of action for tortious interference with contract should be dismissed, not because, as the IAS Court held, plaintiffs failed to allege the specific section of the contract interfered with, but because they failed to allege a breach of contract (*see, NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 620-621). Concur—Sullivan, J. P., Mazzarelli, Lerner, Rubin and Saxe, JJ.