■ CITY OF NEW YORK, Appellant, v 611 WEST 152ND STREET, INC., Respondent, et al., Defendant. [710 NYS2d 36] —Order, Supreme Court, New York County (Stephen Crane, J.), entered February 22, 1999, which, in an action seeking to foreclose on a mortgage, to the extent appealed from as limited by the brief, denied a motion by plaintiff mortgagee insofar as it sought a summary judgment of foreclosure and summary judgment dismissing defendant mortgagor's fourth, fifth, sixth, seventh, eighth and ninth affirmative defenses, the fourth and fifth counterclaims, and the tenth affirmative defense and sixth counterclaim insofar as based on tortious interference with contract, unanimously modified, on the law, to grant the motion to the extent of granting plaintiff summary judgment

dismissing the fourth, fifth, sixth, seventh, and ninth affirmative defenses, the fourth and fifth counterclaims, and the tenth affirmative defense and sixth counterclaim insofar as based on tortious interference with contract, and otherwise affirmed, without costs.

We affirm the order of the IAS Court insofar as it denied the branches of plaintiff's motion seeking summary judgment of foreclosure and summary judgment dismissing the eighth affirmative defense of breach of contract, based on evidence that plaintiff breached the parties' building loan contract by disbursing loan funds to pay contractors in full for rehabilitation work on defendant's real property that was substantially incomplete or of substandard quality. Although the building loan contract committed to plaintiff's judgment the determination of the timing and amounts of advances of the loan proceeds, a contract provision committing a matter to the judgment of one party requires that party to exercise its judgment reasonably and in accordance with fairness and good faith, not in an arbitrary manner (see, Edgewater Constr. Co. v 81 & 3 of Watertown, 252 AD2d 951, 952, lv denied 92 NY2d 814). We note that plaintiff has not offered any evidence of the basis on which it determined to make payment for the work in question. Given the existence of an issue of fact as to whether plaintiff committed a breach of contract in bad faith by making such payments, and an issue of fact as to whether any bad faith payments by plaintiff prejudiced defendant's ability to pay back even properly made advances, the breach of contract affirmative defense was potentially viable and precluded granting plaintiff summary judgment of foreclosure (see, EBC Amro Asset Mgt. v Kaiser, 256 AD2d 161, 161-162). However, the assertion of a separate defense for breach of the implied covenant of good faith and fair dealing was improperly duplicative (see, Business Networks v Complete Network Solutions, 265 AD2d 194, 195).

We modify to grant plaintiff summary judgment dismissing the other affirmative defenses sustained by the IAS Court. The equitable estoppel defense is legally insufficient because it is duplicative of the breach of contract affirmative defense and, to the extent based on plaintiff's alleged promises concerning tax abatement or rent increase benefits, relates to plaintiff's actions in a governmental capacity (see, Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33). The negligence and gross negligence defenses are meritless, since claims based on negligent or grossly negligent performance of a contract are not cognizable (Fluhr v Goldscheider, 264 AD2d 570, 571; Wapnick v Seven Park Ave. Corp., 240 AD2d 245, 247). The conver-

sion defense fails because there is no allegation that defendant ever had ownership, possession or control over the disbursed money, and there is no evidence that the payments were made out of a specifically identifiable fund (*see, e.g., Peters Griffin Woodward v WCSC, Inc.*, 88 AD2d 883, 883-884). The tortious interference defense is without merit because no evidence is adduced that plaintiff deliberately sought to procure breaches by the contractors of their agreements with defendant (*see, e.g., Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424).

Finally, defendant's failure to allege compliance with applicable claim presentment requirements necessitates dismissal of the counterclaim for tortious interference with contract (*see,* General Municipal Law §§ 50-e, 50-i) and of the counterclaim for breach of contract (*see,* Administrative Code of City of NY § 7-201 [a]; *City of New York v Candelario*, 223 AD2d 617, 618, *affg in pertinent part* 156 Misc 2d 330, 332). We further note that the tortious interference counterclaim is, in any event, legally insufficient. Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ.