■ AKIN BROWN, Plaintiff, v WYCKOFF HEIGHTS MEDICAL CENTER, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants, and CHANG S. LEE, Defendant and Third-Party Defendant-Appellant. [811 NYS2d 570]—

In an action to recover damages for medical malpractice and wrongful death and a related third-party action, in effect, to recover damages for breach of contract, the defendant third-party defendant, Chang S. Lee, appeals from an order of the Supreme Court, Kings County (Ruditsky, J.), dated June 22, 2005, which denied his motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The main action to recover damages for medical malpractice and wrongful death was commenced against, among others, the defendant and third-party plaintiff, Wyckoff Heights Medical Center (hereinafter Wyckoff), and the defendant and third-party defendant, Chang S. Lee, who was employed by Wyckoff as a service attending physician. Wyckoff failed to assert a cross claim against Lee in the main action for contribution or indemnification. However, after Lee's motion for summary judgment dismissing the complaint in the main action insofar as asserted against him was granted, Wyckoff commenced a third-party action against Lee for contribution or indemnification. The Supreme Court subsequently dismissed that third-party action with leave to Wyckoff to replead the third-party complaint to assert an alternative theory of liability. Wyckoff did so, and Lee moved for summary judgment dismissing the repleaded third-party complaint.

Contrary to the conclusion of the Supreme Court, construing the third-party complaint liberally and according Wyckoff the benefit of every possible inference (*see Leon v Martinez,* 84 NY2d 83, 87 [1994]), it fails to state a valid cause of action independent of the previously-dismissed claims for contribution and indemnification. "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 389 [1987]; *see Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.,* 14 AD3d 678, 680 [2005]). Accordingly, Wyckoff's claim that Lee negligently performed his employment contract is not cognizable (*see City of New York v 611 W. 152nd St.,* 273 AD2d 125, 126 [2000]; *Fluhr v Goldscheider,* 264 AD2d 570, 571 [1999]). Miller, J.P., Adams, Santucci and Fisher, JJ., concur.