(March 18, 2014)

■ LAWRENCE KAPLAN, Appellant, v U.S. COAL CORPORATION, Respondent. EAST COAST MINER, Proposed Defendant-Intervenor. [981 NYS2d 917]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 25, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, and granted defendant's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously modified, on the law, to deny the cross motion and grant plaintiff leave to replead as a plenary action, and otherwise affirmed, without costs. Order, same court and Justice, entered June 25, 2013, which, to the extent appealable, denied plaintiff's motion for leave to renew, unanimously affirmed, without costs.

The agreement sued upon gives plaintiff a put, affording him the right to require defendant to purchase his shares of U.S. Coal stock upon a certain event and upon proper notice, the occurrence of which are not disputed. The agreement sets the nominal price at $5.40 per share, adjusted for "stock splits, stock dividends and the like." The agreement also provides that defendant's obligation to make payment for such shares shall be secured by a security interest in certain U.S. Coal assets.

Supreme Court properly denied plaintiff's motion for summary judgment in lieu of complaint because determination of the amount to be paid under the agreement requires reference to proof extrinsic to the instrument (see Weissman v Sinorm Deli, 88 NY2d 437, 443-445 [1996]). However, nothing in the security interest provision relieves defendant from the obligation to purchase plaintiff's shares, and the court erred in elevating perfection of the security interest to a condition precedent to recovery warranting dismissal of the complaint. A viable cause of action for breach of contract remains, and we grant leave to replead.

Finally, plaintiff's motion for leave to renew was properly denied in the absence of new facts (CPLR 2221 [e] [2]; William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27 [1st Dept 1992], lv dismissed in part, denied in part 80 NY2d 1005 [1992]). To the extent that the appeal is predicated on such portion of the

motion as sought reargument, it is settled that no appeal lies from the denial of a motion to reargue (*Cross v Cross*, 112 AD2d 62, 64 [1st Dept 1985]). Concur—Tom, J.P., Saxe, DeGrasse, Richter and Clark, JJ.