Avail 1 LLC v Acquafredda Enters. LLC (2020 NY Slip Op 03460)





Avail 1 LLC v Acquafredda Enters. LLC


2020 NY Slip Op 03460


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Acosta, P.J., Richter, Mazzarelli, Webber, González, JJ.


380881/11 11668B 11668A 11668 11668D

[*1] Avail 1 LLC, Plaintiff-Respondent,
v
Acquafredda Enterprises LLC, et al., Defendants-Appellants, New York State Department of Taxation and Finance, Defendants.


Joshpe Mooney Paltzik LLP, New York (Edward A. Paltzik of counsel), for appellants.
The Margolin & Weinreb Law Group, LLP, Syosset (Alan Smikun of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about May 29, 2018, bringing up for review (i) an order, same court and Justice, entered on or about April 21, 2017, which granted the motion of plaintiff's predecessor-in-interest for summary judgment, (ii) an order, same court and Justice, entered on or about April 21, 2017, which denied defendants' motion to amend the answer, (iii) so much of an order, same court and Justice, entered on or about September 22, 2017, which denied defendants' motion to renew the April 21, 2017 orders, and (iv) an order, same court and Justice, entered on or about February 21, 2018, which denied defendants' motion to vacate the order granting summary judgment, unanimously affirmed, with costs.
Defendants did not raise a triable issue of fact that would warrant relief from their admitted default in repaying a construction loan (see EBC Amro Asset Mgt. v Kaiser, 256 AD2d 161, 161-162 [1st Dept 1998]). Defendants failed to proffer the agreement that was allegedly breached when the lender paid the retainage of loan advances to the contractor, months after work was finished but before certificates of occupancy were issued. They also failed to present any evidence showing that the payment was made in bad faith, caused the contractor to abandon the project, or caused the Department of Buildings not to issue permanent certificates of occupancy (compare City of New York v 611 W. 152nd St., 273 AD2d 125, 126 [1st Dept 2000]).
Given the absence of "sufficient evidence to establish that the proposed amendment was not specious'" (Pier 59 Studios, L.P. v Chelsea Piers, L.P., 40 AD3d 363, 366 [1st Dept 2007]; accord MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]), leave to amend the answer was providently denied (see CPLR 3025[b]).
Defendants' renewal motion was also providently denied, as no new facts were presented that were "unknown to the party seeking renewal" when briefing the previous motions (William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27 [1st Dept 1992], lv dismissed in part, denied in part 80 NY2d 1005 [1992]; see CPLR 2221[e][2]-[3]). Defendants were in possession of both an April 2013 email the day it was written, and the construction loan agreement that was allegedly breached the day of the loan closing in 2007. To the extent that defendants seek review of so much of their motion that sought reargument, "no appeal lies from the denial of a motion to reargue" (Kaplan v U.S. Coal Corp., 115 AD3d 517, 518 [1st Dept 2014]).
Finally, defendants' motion to vacate the order granting summary judgment was [*2]providently denied for failure to demonstrate fraud, misrepresentation, or misconduct. The newly submitted documents did not show that plaintiff or its predecessor-in-interest made material misrepresentations of fact
(see CPLR 5015[a][3]; Branch Banking & Trust Co. v Farber, 181 AD3d 547, 548 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK