Matter of Government Empls. Ins. Co. v Pellot (2020 NY Slip Op 06008)





Matter of Government Empls. Ins. Co. v Pellot


2020 NY Slip Op 06008


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 20445/14E 24691/14E Appeal No. 12167 Case No. 2020-01958 

[*1]In re Government Employees Insurance Company, etc., Petitioner,
v
Uziel Pellot, Respondent.
In re Safeco Insurance Company, Petitioner -Appellant,
v
Uziel Pellot, Respondent-Respondent, Geico Insurance Company, Proposed Additional Respondent.


Burke, Conway & Stiefeld, White Plains (Sami P. Nasser of counsel), for appellant.
PeÑa & Kahn, PLLC, Bronx (L. David Rahmanan of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 23, 2019, which, after a framed issue hearing, granted respondent's motion to restore the matter to the active calendar and render a decision on the framed issue hearing, denied petitioner's motion to permanently stay arbitration, and directed arbitration to proceed, unanimously affirmed, without costs.
The insurer did not meet its burden of showing that a hit-and-run accident did not occur (see Matter of Travelers Prop. & Cas. Co. of Am. v Mayen, 82 AD3d 402 [1st Dept 2011]). The hearing court's determination that there was physical contact between Pellot's motorcycle and an alleged hit-and-run vehicle is supported by a fair interpretation of the evidence.
We further find that SAFECO's three-month delay in disclaiming coverage was unreasonable as a matter of law, as the ground for the disclaimer was or should have been readily apparent from the face of the arbitration request and could have been asserted at any time (see West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278 [1st Dept 2002], lv denied 98 NY2d 605 [2002]).
Finally, although SAFECO claims that discovery is permitted under its policy, there is no evidence that it had attempted in good faith to resolve the discovery issue without intervention of the court or made any requests for Pellot to submit to a deposition and physical examination at any point before or after it instituted the article 75 proceeding (see Vasquez v G.A.P.L.W. Realty, 236 AD2d 311 [1st Dept 1997]; 22 NYCRR 202.7).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020