Borges v Rose (2020 NY Slip Op 06008)





Borges v Rose


2020 NY Slip Op 06008


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 42084/15E Appeal No. 12161-12161A Case No. 2019-2174(1) 

[*1]Dawn Borges, Plaintiff-Appellant,
v
Louis Rose, M.D., et al., Defendants-Respondents.


Wolf & Fuhrman, LLP, Bronx (Carole R. Moskowitz of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Steven C. Mandell of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered March 1, 2019, which granted defendants' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered August 14, 2019, which, to the extent appealable, denied plaintiff's motion for leave to renew, unanimously affirmed, without costs.
Defendants established prima facie that defendant Dr. Rose did not depart from accepted medical practice in treating plaintiff's hand (see Malone v Kim, 96 AD3d 477 [1st Dept 2012]). Plaintiff's contention on appeal that defendants' expert affirmation was inadmissible due to a defect in form is unpreserved for our review (see Shinn v Catanzaro, 1 AD3d 195, 198 [1st Dept 2003]).
Plaintiff is correct that her out-of-state medical expert's redacted affirmation should have been considered in opposition to defendants' motion despite the absence of a certificate of conformity (see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda, 68 AD3d 672, 673 [1st Dept 2009]). However, the affirmation failed to raise an issue of fact whether defendants departed from the standard of care (see Malone v Kim, 96 AD3d at 477). For example, the expert opined that Dr. Rose had improperly started with conservative treatment because surgery was the only viable option, but he failed to explain why surgery was the only viable option or how any delay caused injury. The expert opined that Dr. Rose misread the MRI, but the record shows that Dr. Rose relied on the MRI report. The expert opined that Dr. Rose erred in concluding that plaintiff's thumb was healing but failed to point to anything in the relevant medical record showing that the thumb was not healing.
Although plaintiff submitted a certificate of conformity for her expert's affirmation in support of her motion for leave to renew, in view of the foregoing, she failed to meet the standard of presenting new evidence that would have changed the prior determination (see CPLR 2221[e][2]).
No appeal lies from the denial of a motion to reargue (Avail 1 LLC v Acquafredda Enters. LLC, 184 AD3d 476 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020