MBF Clearing Corp. v JPMorgan Chase Bank, N.A. (2020 NY Slip Op 07504)





MBF Clearing Corp. v JPMorgan Chase Bank, N.A.


2020 NY Slip Op 07504


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, JJ.


Index No. 652820/14 Appeal No. 12310 Case No. 2019-5750 

[*1]MBF Clearing Corp., Plaintiff-Appellant,
v
JPMorgan Chase Bank, N.A., et al., Defendants-Respondents.


Steven R. Goldberg, New York, for appellant.
Proskauer Rose LLP, New York (David A. Picon of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered July 5, 2019, which granted defendants' CPLR 3211(a)(1) and (7) motion to dismiss the third amended complaint, unanimously affirmed, without costs.
The motion court properly applied the law of the case doctrine in dismissing the third amended complaint (TAC), as the claims in the TAC are essentially the same as those in the dismissed second amended complaint (see Burgundy Basin Inn v Watkins Glen Grand Prix Corp., 51 AD2d 140, 143 [4th Dept 1976]). This Court, however, is not bound by the determination of the motion court (Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; see Gansett One LLC v Husch Blackwell, LLP, 168 AD3d 579, 581 [1st Dept 2019]). Nevertheless, we affirm the dismissal. Upon our sufficiency review, we find that the TAC fails to state a cause of action.
The fraudulent misrepresentation claims do not allege justifiable reliance on the alleged misrepresentations (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1045 [2015]; HSH Nordbank AG v UBS AG, 95 AD3d 185, 194-195 [1st Dept 2012]). Plaintiff, a sophisticated party, could readily have determined for itself whether the representations were false by exercising reasonable due diligence. As a self-styled "long-established and well-regarded" commodities future commission merchant, required by the Commodities Futures Trading Commission (CFTC) to hold its customers' assets in customer segregated accounts, plaintiff is presumably familiar with the requirements related to such accounts. Plaintiff could have made inquiries when defendants represented to it that there was no need for a "customer segregation acknowledgment letter" for Account x2069 because it would be linked to, and a sub-account of, plaintiff's existing Account X0253 for which a segregation letter had been obtained (see Connaughton v Chipotle Mexican Grill, Inc., 135 AD3d 535, 545 [1st Dept 2016, Saxe, J. dissenting in part], affd 29 NY3d 137 [2017]). However, rather than take simple measures to ensure its compliance with CFTC regulations, plaintiff relied on the representations that the segregation letter for Account X0253 would cover Account X2069 (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154-155 [2010]; IKB Intl. S.A. v Morgan Stanley, 142 AD3d 447, 450 [1st Dept 2016]).
The fraudulent concealment claims allege that defendants unilaterally changed the titling and labeling of Account x2069, thereby surreptitiously converting the account from a customer segregated account to a non-segregated account. Even assuming defendants had a duty to disclose the change in title (see P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 378 [1st Dept 2003]; Strasser v Prudential Sec., 218 AD2d 526, 527 [1st Dept 1995]), these claims must be dismissed. Plaintiff admitted that it failed to read defendants' monthly paper statements reflecting the name change based on the unreasonable excuse that was a high-volume institutional [*2]customer that banked electronically.
The negligent misrepresentation claims do not allege a special or privity-like relationship between the parties that required defendant to "speak with care" (see Kimmell v Schaefer, 89 NY2d 257, 260 [1996]). Plaintiff's relationship with defendants was an arm's-length banking relationship (see Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 578 [2011]). Nor does defendants' alleged superior knowledge of their own alleged wrongdoing constitute the "unique or specialized expertise" required to support a claim of negligent misrepresentation (Greentech Research LLC v Wissman, 104 AD3d 540, 540-541 [1st Dept 2013]).
In the absence of an adequately pleaded fraud claim, the claims for aiding and abetting fraud and for contribution and indemnification must be dismissed. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020