**Fidelity Natl. Title Ins. Co. v Sky Abstract Corp.**

2024 NY Slip Op 33104(U)

September 4, 2024

Supreme Court, New York County

Docket Number: Index No. 653378/2020

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LOUIS L. NOCK

Justice

| | |
|---|---|
| PART | 38M |

--------------------------------------------------------------------------------X

FIDELITY NATIONAL TITLE INSURANCE COMPANY,

Plaintiff,

- v -

SKY ABSTRACT CORP., JOSEPH KUNSTLINGER, and NUCHEM ABER,

Defendants.

--------------------------------------------------------------------------------X

JOSEPH KUNSTLINGER,

Third-Party Plaintiff,

-against-

NUCHEM ABER, ALEXANDER ABER, NB1 1168 REALTY LLC, and NATIONWIDE COURT SERVICES, INC.,

Third-Party Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 653378/2020 |
| MOTION DATE | 09/14/2023, 11/13/2023 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595627/2023

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 55, 56, 57, 58, 59, 60, 61, 65, and 66

were read on this motion to _____DISMISS_____.

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, and 77

were read on this motion to _____DISMISS_____.

LOUIS L. NOCK, J.S.C.

This action, as alleged by plaintiff, arises out of a failure by defendant Sky Abstract Corp.

("Sky") to timely record a first mortgage insured by plaintiff and issued to defendant Nuchem

Aber ("Aber") for a property located in Brooklyn, New York.  Plaintiff asserts that Sky's failure

to timely record the mortgage allowed Aber to transfer the property to his son Alexander, who

obtained a second mortgage on the property, leading to separate litigations, pursuant to which

**653378/2020   FIDELITY NATIONAL TITLE vs. SKY ABSTRACT CORP.**
**Motion No.  002 003**

**Page 1 of 5**

[* 1]

plaintiff was required to pay to settle claims involving the holder of the first mortgage. Further details regarding the facts and circumstances of this action are set forth in the court's decision dated January 18, 2023 (NYSCEF Doc. No. 39), in which the court granted Aber's motion to dismiss the complaint against him.

Approximately six months after the court dismissed Aber from the action, defendant/third-party Joseph Kunstlinger ("Kunstlinger"), the alleged guarantor of plaintiff's agreement with Sky, commenced a third-party action against: Aber; his son; the LLC to which his son sold the property; and Nationwide Court Services Inc. ("Nationwide"). Kunstlinger asserts a single cause of action for indemnification, arguing that Nationwide was contracted to record the first mortgage but failed to do so in a timely manner, enabling the alleged scheme by Aber and his son regarding the conveyance of the property and the second mortgage, and pitting the two mortgage holders against each other while the elder and younger Abers pocketed the profits, as alleged.

Presently before the court are Nationwide's (Mot. Seq. No. 002) and Aber's (Mot. Seq. No. 003) motions to dismiss the third-party complaint. The motions are granted, for the reasons set forth in the moving and reply papers (NYSCEF Doc. Nos. 56, 59, 66 [Seq. 002]; 68, 73, 75 [Seq. 003]) and the exhibits attached thereto, as summarized herein.

At the outset, Kunstlinger has no contractual relationship with any of the third-party defendants. Any liability for indemnification in his favor, therefore, must be based on common law principles. "[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor" (*Raquet v Braun*, 90 NY2d 177, 183 [1997]). "Common-law indemnification is generally available in favor of one who is held responsible solely by operation

**653378/2020   FIDELITY NATIONAL TITLE vs. SKY ABSTRACT CORP.**
**Motion No.  002 003**

**Page 2 of 5**

2 of 5

of law because of his relation to the actual wrongdoer" (*McCarthy v Turner Const., Inc.*, 17 NY3d 369, 375 [2011]).

Here, no relationship of any kind is alleged between Kunstlinger and Nationwide. Nationwide is alleged to have been retained by Sky at plaintiff's behest to file the mortgage; but, assuming, for purposes of deciding the motion, that such an agreement *existed* between Sky and Nationwide, the only duty imposed would flow from Nationwide to Sky and perhaps to Fidelity. However, Kunstlinger – the individual guarantor of Sky's obligation to plaintiff – is far too attenuated from any duty potentially owed by Nationwide, to require Nationwide to indemnify him. Contrary to Kunstlinger's argument, there must be some duty between the indemnitor and the indemnitee. The cases cited by Kunstlinger are not to the contrary (*Mas v Two Bridges Assocs.,* 75 NY2d 680, 691 [1990] [finding that elevator company must indemnify owner for negligent maintenance claim where elevator company was contracted to maintain the elevator]; *D'Ambrosio v City of N.Y.,* 55 NY2d 454, 463 [1982] [holding that adjoining landowner must indemnify the City where plaintiff's injuries were caused by erection of sidewalk appurtenance installed for landowner's special benefit]).

Turning to the third-party claim against Aber: in the prior decision dismissing the complaint against Aber, this court stated that:

> In the present action, Aber owed a duty only to Greenpoint[1] and MERS (before MERS assigned its interest to Greenpoint) after Aber executed a mortgage against the Premises in favor of MERS as nominee of Greenpoint. Aber was never a party to the agreements between Greenpoint and Sky for title insurance, nor between Sky and Plaintiff for the agency agreement. The duty breached was on behalf of Sky which failed to timely record the First Mortgage.

---

[1] The mortgagee.

**653378/2020  FIDELITY NATIONAL TITLE vs. SKY ABSTRACT CORP.**
**Motion No.  002 003**

**Page 3 of 5**

(Decision and Order, NYSCEF Doc. No. 39, at 6.)  Kunstlinger is even further removed from any duty owed by Aber than plaintiff is.  As Aber owed no duty to Sky, it follows that Aber also owed no duty to Sky's guarantor – Kustlinger.

In addition, the third-party claim is functionally identical to the already dismissed claim for indemnification against Aber.  Therefore, the third-party claim is barred by the law of the case doctrine (*MBF Clearing Corp. v JPMorgan Chase Bank*, 189 AD3d 546 [1st Dept 2020]; *Brown v Wyckoff Hgts. Med. Ctr.*, 28 AD3d 412, 413 [2d Dept 2006] ["Contrary to the conclusion of the Supreme Court, construing the third-party complaint liberally and according Wyckoff the benefit of every possible inference, it fails to state a valid cause of action independent of the previously-dismissed claims for contribution and indemnification"] [internal quotation marks and citations omitted]).  Kunstlinger's arguments against the application of the law of the case doctrine here are unavailing.

Accordingly, it is hereby

ORDERED that the motions to dismiss the third-party complaint by third-party defendants Nationwide Court Services Inc. (Mot. Seq. No. 002) and Nuchem Aber (Mot. Seq. No. 003) are granted, and the third-party complaint is dismissed as against those two third-party defendants; and it is further

ORDERED that the third-party action is severed and continued as to third-party defendants Alexander Aber and NB 1168 Realty, LLC; and it is further

ORDERED that the parties shall appear for a status conference on September 25, 2024 at 2:15 PM in Room 1166, 111 Centre Street, New York, New York.

**653378/2020   FIDELITY NATIONAL TITLE vs. SKY ABSTRACT CORP.**
**Motion No.  002 003**

**Page 4 of 5**

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 9/4/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**653378/2020   FIDELITY NATIONAL TITLE vs. SKY ABSTRACT CORP.**
**Motion No.  002 003**

[* 5]